**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                              ) | CRIMINAL NO. 3:12-CR-137 |
| ) | |
| KOLON INDUSTRIES, INC.,                          ) | |
| JONG-HYUN CHOI,                                     ) | |
| IN-SIK HAN                                                 ) | |
| JU-WAN KIM,                                              ) | |
| KYEONG-HWAN RHO                                ) | |
| YOUNG-SOO SEO                                     ) | |
| ) | |
| Defendants.                                                ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF**
**KOLON INDUSTRIES, INC.**

Jeff G. Randall (*pro hac vice application pending*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (*pro hac vice application pending*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Rhodes B. Ritenour (VA Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

*Attorneys for Kolon Industries, Inc*.

Dated:  DECEMBER 10, 2012

I.  **INTRODUCTION**

By this motion ("Motion"), counsel for Kolon respectfully request that the Court enter an order granting leave to appear specially on behalf of Kolon Industries, Inc. ("Kolon") for the limited purpose of contesting the purported service of the summons on and to dismiss the Indictment of Kolon. If Kolon's counsel's request to appear specially is granted, Kolon promptly will file a motion setting forth the basis for its position that the Government has not complied with the requirements of the Federal Rules of Criminal Procedure in service of the summons and that, therefore, the Court lacks jurisdiction over Kolon.[1]

II. **FACTUAL BACKGROUND**

The United States of America (the "Government") brings charges against Kolon and five other defendants for conspiracy to convert trade secrets (in violation of 18 U.S.C. § 1832(a)(5)), theft of trade secrets (in violation of 18 U.S.C. § 1832(a)(2)), and Obstruction of Justice (in violation of 18 U.S.C. § 1612(c)). (*See* Indictment (Dkt. No. 3).) Kolon is a South Korean corporation, headquartered in South Korea. (*Id.* ¶ 10.) The other five defendants are current or former Kolon employees. (*Id.* ¶¶ 11-15.)

On October 18, 2012, the Government invoked the Mutual Legal Assistance Treaty ("MLAT") between the United States and South Korea, requesting South Korea's assistance to

---

[1] If and when service on Defendant Kolon is ever effectuated, Kolon will file a motion to recuse the Presiding Judge. Such a motion would be premature at this juncture, as the defects in the service of summons leave the Court without jurisdiction over Kolon. Additionally, the Government has refused to consent to Kolon appearing specially to move to recuse and may assert that a motion to recuse constitutes a general appearance or waiver of objections to the service of summons or the Court's jurisdiction. For these reasons, Kolon seeks the Court's ruling on its motion to quash the summons and dismiss the indictment for lack of jurisdiction prior to moving to recuse. Kolon is amenable to filing its motion to recuse at the same time as its motion pertaining to the Government's failure to effectively serve the summons if the Court deems both appearances to be special and without waiver of service and jurisdictional challenges.

1

serve the summons and Indictment on Kolon. (Dkt. No. 18.) Pursuant to the MLAT, South Korea "shall use its best efforts to effect service of any documents relating to or forming part of any request for assistance made by the Requesting State under the provisions of this Treaty." Mutual Legal Assistance Treaty, U.S.-S. Kor., art. 14, Nov. 23, 1992, S. Treaty Doc. No. 104-1 ("Service of Documents").

To date, the Government has not filed a return of service, and—to the knowledge of Kolon's counsel—no copy of the summons has been served on Kolon or any agent authorized to receive service of process for Kolon. The Government also has not filed any document indicating that it has mailed a copy of the summons to Kolon's last known address within the Eastern District of Virginia or to its principal place of business elsewhere in the United States, as required by Rules 4 and 9. *See* Fed. R. Crim. P. 4(c)(3)(C), 9(c)(1)(A). To Kolon's counsel's knowledge, such service has not occurred. Nevertheless, on December 4, 2012 the Government informed Kolon's counsel, for the first time, that it believed that service of the summons had been properly effected.[2] An arraignment is scheduled for December 11, 2012. Due to the absence of effective service and the request herein to appear specially to bring a motion pertaining to service of the summons and jurisdictional issues, Kolon will not appear on December 11, 2012.

## III. ARGUMENT

The Court can and should enter an order authorizing Kolon's counsel to appear specially to bring a motion to contest the service of summons on Kolon. Courts have broad discretion to allow special appearances. *See*, *e.g.*, *United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D.

---

[2] Kolon's attorneys sought the Government's consent to their request to make a special appearance and to a briefing schedule for Kolon's motion pertaining to deficiencies in service of the summons. The Government indicated that it was "inclined" not to oppose a motion seeking leave to make a special appearance but wanted to review the motion before agreeing.

Va. 1992) (noting that earlier order had granted leave to make a special appearance to permit the release of assets to retain counsel); *Boyless v. United States*, 101 F.3d 702 (6th Cir. 1996) (withdrawal from criminal case proper where attorney had previously notified defendant that she would enter a limited appearance because defendant could not pay her fee); *see also Prudential Ins. Co. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (noting that "the right to specially appear in the federal court is substantial").

Where, as here, a defendant's attorneys seek leave to raise jurisdictional issues and to attack the service of summons, such leave is routinely granted. *See, e.g.*, Order at 1, *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), Dkt. No. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (granting foreign defendant's motion to make special appearance to contest court's jurisdiction and attack sufficiency of indictment).[3]

If the Court grants the instant Motion, Kolon's attorneys will file a motion within three days seeking to quash the summons and dismiss the Indictment because Kolon has not been, and cannot be, served with the summons in accordance with the mandates of the Federal Rules of Criminal Procedure. As recognized repeatedly by the Supreme Court, service of process is "fundamental to any procedural imposition on a named defendant" and a prerequisite to a court's exercise of jurisdiction over it. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

---

[3] Kolon's attorneys have chosen to seek the Court's permission before appearing specially to contest service and jurisdiction. In some instances, defendants have simply given notice of a special appearance, without first requesting that the court grant leave. *See, e.g.*, Specially-Appearing Defs.' Notice of Mot. & Mot. to Quash at 1, *United States v. Pangang Group Co.*, No. 11-cr-00573 (N.D. Cal. Mar. 29, 2012), Dkt. No. 107; Johnson Matthey Plc's Mot. to Quash Service of Summons on Indictment at 1, *United States v. Johnson Matthey Plc*, No. 06-cr-169 (D. Utah Jan. 23, 2007), Dkt. Nos. 60, 92.

350 (1999) ("Service of process . . . is fundamental to any procedural imposition on a named defendant."). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Here, the Government has chosen to initiate a prosecution by indictment, and therefore, it must serve the summons on Kolon "as provided in Rule 4(c)(1), (2), and (3)." Fed. R. Crim. P. 9(c)(1)(A) (governing service of summons on an indictment). Rule 4(c) governs service of summons on an organization, and imposes two distinct requirements: (1) the Government must "deliver[] a copy [of the summons] to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process"; and (2) it must "mail[] [a copy] to the organization's last known address within the district or its principal place of business elsewhere in the United States." Fed. R. Crim. P. 4(c)(3)(C). To Kolon's knowledge, the Government has neither complied with this provision nor filed a return of service to evidence its purported compliance with Rule 4.

The defects in the purported service are twofold. First, the Government has not served a copy of the summons on an officer or agent of Kolon Industries, Inc., through the MLAT or otherwise, thus failing Rule 4(c)(3)(C)'s first requirement—"delivery." Second, even if the Government is able to properly deliver the summons by virtue of service through the MLAT, that service will not and cannot satisfy Rule 4(c)(3)(C)'s "mailing" requirement—which requires the Government to mail a copy of the summons to Kolon's last address within the district or to its principal place of business elsewhere in the United States.

Numerous courts have addressed these deficiencies in purported service on a foreign defendant. For example, in *United States v. Pangang Group Co.*, No. 11-cr-00573, 2012 U.S.

Dist. LEXIS 102277 (N.D. Cal. July 23, 2012) ("*Pangang*"), the court quashed the summons on a corporate defendant, recognizing that the government's failure to comply with Rule 4(c)(3)(C)'s mailing requirement was, alone, reason to quash the summons. *See id.* at *25, *26, *28. In *United States v. Dotcom*, the court likewise recognized the dual requirements of Rule 4, concluding that the government had failed to satisfy Rule 4(c)(3)(C)'s mailing requirement as to the foreign corporate defendant. Order at 3-5, *Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), Dkt. No. 127. The court noted in *Dotcom* that MLAT service would not cure the failure to comply with the Rule 4 mailing requirement. *Id.* at 3 n.5.

To present these and additional arguments challenging the sufficiency of the Government's purported service of the summons, and to do so without constituting a general appearance by Kolon, Kolon's attorneys respectfully request that the Court grant their Motion for leave to make special appearances and set a briefing and hearing schedule for Kolon's motion to quash and to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Kolon's counsel respectfully request that the Court grant their Motion to appear specially for the limited purpose of contesting the purported service of the summons and to set a briefing schedule for Kolon's motion to quash the service of the summons and to dismiss the Indictment for lack of personal jurisdiction.

Respectfully submitted this 10th day of December, 2012.

5

By: _____/s/_____
Rhodes B. Ritenour (Virginia Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

Jeff G. Randall (*pro hac vice application pending* )
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (*pro hac vice application* pending)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

***Attorneys for Kolon Industries, Inc.***

6

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2012, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF COUNSEL'S MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC.** with the clerk using CM/ECF system and, which will then send a notification of such filing (NEF) to counsel named below:

Timothy D. Belevetz, Esq.
Kosta Stojilkovic, Esq.
**UNITED STATES ATTORNEY'S OFFICE**
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-2584
timothy.d.belevetz@usdoj.gov
kosta.stojilkovic@usdoj.com

Michael R. Gill, Esq.
**UNITED STATES ATTORNEY'S OFFICE**
600 E. Main Street, Suite 1800
Richmond, VA 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
mike.gill@usdoj.gov

*Attorneys for United States of America*

By: /s/
Rhodes B. Ritenour (Virginia Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

*Attorney for Kolon Industries, Inc.*