

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:12cr137-01

KOLON INDUSTRIES, INC.,

### ORDER

It appearing that:

(1) The Grand Jury returned an Indictment naming Kolon Industries, Inc. ("Kolon"), *inter alia*, as a defendant and charged Kolon with engaging in a conspiracy to convert trade secrets in violation of 18 U.S.C. § 1832(a)(5), theft of trade secrets in violation of 18 U.S.C. §§ 1832(a)(2) & 2, and obstruction of justice in violation of 18 U.S.C. §§ 1512(c) & 2;

(2) The United States has made a showing that, in October 2012, in compliance with Fed. R. Crim. P. 4(c)(3)(C), Kolon had been issued a summons to appear before this Court on December 11, 2012 at 1:30 p.m. EST, to which summons was attached English and Korean language versions of the Indictment and summons;

(3) On December 10, 2012, Stephen C. Neal, Esq., filed, as counsel for Kolon, an APPLICATION TO QUALIFY AS A FOREIGN ATTORNEY UNDER LOCAL CRIMINAL RULE 57.4 FOR THE LIMITED PURPOSE OF CHALLENGING PROPER SERVICE (Docket No. 13);

(4) On December 10, 2012, Jeffrey G. Randall, Esq. filed, on behalf of Kolon, an APPLICATION TO QUALIFY AS A FOREIGN

ATTORNEY UNDER LOCAL CRIMINAL RULE 57.4 FOR THE LIMITED PURPOSE OF CHALLENGING PROPER SERVICE (Docket No. 14);

(5) On December 10, 2012, "counsel for Kolon Industries, Inc." filed a MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC. (Docket No. 15) and a supporting memorandum (Docket No. 16), by which motion "counsel for Kolon" requested that the Court:

> enter an order granting leave to appear specially on behalf of Kolon Industries, Inc. ("Kolon") for the limited purpose of contesting the purported service of the summons on and to dismiss the Indictment of Kolon. If Kolon's counsel's request to appear specially is granted, Kolon promptly will file a motion setting forth the basis for its position that the Government has not complied with the requirements of the Federal Rules of Criminal Procedure in service of the summons and that, therefore, the Court lacks jurisdiction over Kolon.

(6) In the supporting memorandum, counsel for Kolon make the statements that:

> An arraignment is scheduled for December 11, 2012. Due to absence of effective service and the request herein to appear specially to bring a motion pertaining to service of the summons and jurisdictional issues, Kolon will not appear on December 11, 2012."

(Docket No. 16, p. 2);

(7) Approximately ten (10) minutes before the scheduled time of arraignment on December 11, 2012, counsel for the United States delivered to the Court a document entitled GOVERNMENT'S POSITION ON SERVICE AND REQUEST FOR ORDER COMMANDING KOLON'S

APPEARANCE (which was filed after the hearing as Docket No. 18) which document recited at its end in the CERTIFICATE OF SERVICE that the document would be electronically filed on December 11, 2012 and a notification of filing would be sent to counsel for Kolon Industries, Inc.;

(8) In its position (Docket No. 18), the United States stated that: (a) it had served Kolon by way of an email account and in accord with the decision of United States v. FARC, No. 04-232-02 TFH, (D.D.C., July 19, 2005); (b) it had served "Kolon's operations in the United States in accordance with the requirements of Federal Rule of Criminal Procedure 4(c)(3)(C)" by serving its Registered Agent, Sung Gu Hong at Kolon's principal business address; (c) it had served Kolon by serving Kolon's domestic subsidiary, Kolon USA; and (d) it had initiated service pursuant to the Mutual Legal Assistance Treaty ("MLAT") between the United States and South Korea;

(9) The case was called timely at 1:30 p.m. EST, December 11, 2012 and neither Kolon nor the counsel who had filed the documents described above as Docket Nos. 13, 14, 15 and 16, appeared, and the United States appeared through representatives of the Office of the United States Attorney for the Eastern District of Virginia;

(10) After the case was called on December 11, 2012, counsel for the United States advised the Court that the United States

had been informed that, pursuant to the MLAT, the appropriate authorities in South Korea had, on December 7, 2012, mailed a copy of the summons and the English and Korean language versions of the Indictment to Kolon, but that the United States was not prepared to represent that Kolon had received those documents; and

(11) In its position (Docket No. 18), the United States asked that the arraignment be continued until April 13, 2013 to permit it further to pursue service under the MLAT, while asserting that all previously described methods of service as recited in the position were effective.

Having reviewed the various motions filed by Kolon and the United States, and the United States having represented in open court that it does not object to the applications of Messrs. Neal and Randall to be qualified as a foreign attorney for the limited purpose of challenging proper service, and that it does not object to the MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC. (Docket No. 15) so long as the special appearance is confined in purpose to the filing of a motion and memorandum contesting service of summons on Kolon,

NOW, THEREFORE, it is hereby ORDERED that:

(A) the APPLICATIONS TO QUALIFY AS A FOREIGN ATTORNEY UNDER LOCAL CRIMINAL RULE 57.4 FOR THE LIMITED PURPOSE OF CHALLENGING

4

PROPER SERVICE filed by Messrs. Neal and Randall (Docket Nos. 13 and 14) are granted conditioned upon the payment by counsel of the appropriate fee required by the Local Rule;

(B) the MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC. (Docket No. 15) "to appear specially for the limited purpose of moving to contest the purported service of summons and the Indictment on Kolon and to dismiss the Indictment for lack of personal jurisdiction" is granted to that extent;

(C) Kolon shall file its proposed motion and memorandum by 5:00 P.M. EST, December 21, 2012;

(D) the United States shall file its response by 5:00 P.M. EST, January 11, 2013;

(E) Kolon shall file its reply by 5:00 P.M. EST, January 18, 2013;

(F) Oral argument shall be held at 10:00 A.M. EST, February 6, 2013; and

(G) The arraignment is continued to 10:00 A.M. EST, March 6, 2013.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 13, 2012