**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

**UNITED STATES OF AMERICA**

**v.**

**KOLON INDUSTRIES, INC.,**
Including and through its successors "Kolon Industries, Inc." and "Kolon Corporation"
**JONG-HYUN CHOI,**
**IN-SIK HAN,**
**JU-WAN KIM,**
**KYEONG-HWAN RHO,**
**YOUNG-SOO SEO,**

**Defendants.**

**Case No. 3:12-cr-137**

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC.**

Jeff G. Randall (*pro hac vice* pending)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (*pro hac vice* pending)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Rhodes B. Ritenour (VA Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

***Attorneys for Specially-Appearing Defendant Kolon Industries, Inc.***

## I. INTRODUCTION

Following the Court's February 22, 2013 Opinion and Order ("Order") quashing service of the Summons on Specially Appearing Defendant Kolon Industries, Inc. ("Kolon"),[1] the Government obtained a superseding indictment ("Superseding Indictment") and attempted service on Kolon in South Korea. D.I. 44-46, 52-54. Over three months since this Court's Order, on May 30, 2013—more than three weeks after the Government purported to deliver the summons to Kolon and shortly before the scheduled June 7, 2013 arraignment date—the Government finally filed a Notice of Service of Process, Return of Summons for Kolon Corporation, and a Return of Summons for Kolon Industries, Inc. (collectively, the "Service Documents"). D.I. 52-54. In the Service Documents, the Government stated that it allegedly served the Summons "pursuant to the order of this Court" (as opposed to, for example, Rule 4 of the Federal Rules of Criminal Procedure) and that it "expects" Kolon's "appearance at the arraignment scheduled for June 7, 2013" or else the Government "will move the Court for such sanctions as are necessary to secure [Kolon's] appearance." D.I. 52 at 3.

The Government's attempt to serve the Summons on the Superseding Indictment is irreparably defective, leaving the Court without personal jurisdiction over Kolon. Accordingly, by this Motion ("Motion for Leave"), counsel for Kolon respectfully seek leave of the Court to appear specially on Kolon's behalf to file a Motion to Quash the purported service of the Summons and to dismiss the Superseding Indictment for lack of personal jurisdiction.[2] If

---

[1] "Kolon" refers to Kolon Industries, Inc. and any Kolon entity that the Government contends is both a party and was properly served with process in the above-captioned action. As discussed in the Motion to Quash, the Superseding Indictment is fatally ambiguous as to the named defendant(s); however, to the extent any particular Kolon entity is found to be a proper defendant, this Motion extends to each such entity.

[2] This Court previously granted counsel for Kolon leave to enter a special appearance for the purpose of filing a Motion to Quash the Government's prior Indictment, *see* D.I. 20 and *infra* at

granted, Kolon's counsel promptly will file the motion papers attached as Exhibit A to the Motion for Leave ("Specially-Appearing Defendant Kolon Industries, Inc.'s Motion to Quash Service and to Dismiss the Superseding Indictment and Memorandum In Support" ("Motion to Quash the Superseding Indictment")), which set forth the grounds supporting Kolon's request.[3]

As such, the scheduled June 7, 2013 arraignment should be vacated so that Kolon has a full and fair opportunity to brief the issue (according to a briefing schedule set by this Court) and a hearing concerning the same. In the meantime, Kolon does not believe it is obligated (and does not intend) to appear at any arraignment, and no sanctions are proper or warranted where, as here, the Court does not have personal jurisdiction over Kolon.

---

3-4, and this Court granted that Motion on February 22, 2013. *See United States v. Kolon Indus., Inc.*, No. 3:12-CR-137, 2013 U.S. Dist. LEXIS 24770 (E.D. Va. Feb. 22, 2013); *infra* at 4. The Court's prior Order permitting a special appearance by Kolon may therefore extend to permit a special appearance by Kolon for the purpose of seeking to quash the Superseding Indictment without a further action by this Court. Nevertheless, out of an abundance of caution and because the Superseding Indictment may be purporting to add a new party as a defendant, *see infra* at 4, 8, Kolon files this instant Motion.

[3] If this Court grants Kolon's Motion for Leave to appear specially, but then denies Kolon's Motion to Quash, Kolon intends to move to recuse the Presiding Judge. Kolon seeks leave to appear specially and a ruling on its Motion to Quash prior to moving to recuse the Presiding Judge to avoid any possibility of a finding that Kolon has waived its challenge to service of the Summons and personal jurisdiction, and in light of the Government's previous objection to Kolon's appearing specially for purposes of recusing the Presiding Judge. Kolon understands that the Presiding Judge has an independent obligation to assess the issue of recusal. *See In re Rodgers*, 537 F.2d 1196, 1198 (4th Cir. 1976) (requiring recusal where the "defense . . . will consist of evidence of matters in which the judge's former partner served as a lawyer"); *Liteky v. United States*, 510 U.S. 540, 548 (1994) (the court has an "obligation to identify the existence of th[e] grounds . . . himself, rather than requiring recusal only in response to a party affidavit"); *United States v. Gipson*, 835 F.2d 1323, 1325 (10th Cir. 1988) ("[t]he statute imposes a sua sponte duty upon the judge to recuse himself"); *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d 158, 160 n.5 (S.D.N.Y. 2002) ("[E]ven if the parties do not move for recusal, section 455 creates an independent duty requiring federal judges to evaluate in every case whether they should disqualify themselves.") (citation omitted); H.R. Rep. No. 93-1453, 93d Cong., 2d Sess. (1974) *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355 (Section 455 "is designed to promote public confidence in the impartiality of the judicial process . . . if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case."). For the Presiding Judge's information, Kolon has attached hereto as Exhibit B a statement of facts bearing on the question of recusal in this case.

## II.  PROCEDURAL BACKGROUND

On August 21, 2012, a federal grand jury returned a six-count indictment (the "Indictment") charging Kolon and five individual defendants with conspiracy to convert trade secrets, in violation of 18 U.S.C. § 1832(a)(5), theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(2), and obstruction of justice, in violation of 18 U.S.C. § 1512(c).

On October 2, 2012, the Court issued a summons ordering Kolon to appear for arraignment on December 11, 2012.  D.I. 9.  On December 10, 2012, Kolon's counsel filed a Motion for Leave to Enter Limited and Special Appearances, advising the Court that Kolon had not been served with the Summons and requesting leave to make limited appearances to file a Motion to Quash the Summons and dismiss the Indictment.  D.I. 15.  The Government appeared at the scheduled arraignment and provided the Court with its Position on Service and Request for Order Commanding Kolon's Appearance, which detailed its various purported efforts to serve Kolon with the Summons, including through the Mutual Legal Assistance Treaty between the United States and South Korea ("MLAT").  D.I. 18.  Two days after the arraignment date specified in the Summons, South Korean authorities delivered the expired Summons to Kolon in South Korea.

On December 13, 2012, the Court granted Kolon's Motion for Leave to enter a special appearance, instructing Kolon to file its Motion to Quash and setting a briefing and hearing schedule, as well as an arraignment date of March 6, 2013.  D.I. 20.  On the eve of the hearing, after briefing had closed, Kolon discovered an October 2012 letter from the United States Department of Justice ("DOJ") to the Advisory Committee on Criminal Rules, recommending "amendments to [Criminal] Rule 4 . . . to permit the effective service of a summons on a foreign organization that has no agent or principal place of business within the United States."  D.I. 40

and 40-1, at 1. Critically, the DOJ requested changes to the very provisions that preclude service in this case—seeking removal of Criminal Rule 4(c)(3)(C)'s mailing requirement and an expansion of Criminal Rule 4(c)(2) to authorize service "at a place not within a judicial district of the United States." *Id.* at 7-8. Kolon promptly filed the DOJ's letter with the Court. D.I. 40 and 40-1. Due to Kolon's late discovery of the letter, however, Kolon did not have the opportunity to address it in its briefing.[4] D.I. 40 and 40-1. Kolon's Motion to Quash was heard on February 8, 2013.

On February 22, 2013, the Court granted in part and denied in part Kolon's Motion to Quash. *See United States v. Kolon Indus., Inc.*, No. 3:12-CR-137, 2013 U.S. Dist. LEXIS 24770 (E.D. Va. Feb. 22, 2013). Specifically, the Court held that each of the Government's service attempts were invalid, including purported service on the New Jersey Secretary of State, on Kolon's domestic subsidiary, Kolon USA, and through the MLAT. *See id.* at *17-74. The Court, however, disagreed with Kolon's arguments that, under Federal Rules of Criminal Procedure 4(c)(2) and 4(c)(3)(C), Kolon could not be served with a summons. Accordingly, the Court quashed the summons, but declined to dismiss the Indictment. *See id.* at *76. The Court further directed that the clerk, on the Government's request, issue a Summons requiring Kolon to appear for arraignment on the later of June 7, 2013 or the third Tuesday after delivery of the Summons to Kolon through the MLAT. *See id.*

On March 19, 2013, the grand jury returned the Superseding Indictment, which purported to substitute as a defendant "KOLON INDUSTRIES, INC., Including and through its successors 'Kolon Industries, Inc.' and 'Kolon Corporation'" for "KOLON INDUSTRIES, INC.," which

[4] For reasons unknown to Kolon, and never adequately explained by the Government, the Government failed to bring its letter to the Advisory Committee to the attention of the Court or Kolon, despite its clear relevance to the matters being considered.

was the defendant named in the original Indictment. *See*, *e.g.*, D.I. 46, caption & ¶¶ 11, 29. A Summons issued on March 20, 2013. D.I. 48, 50.

On May 30, 2013, the Government filed the Service Documents indicating that it believed it had delivered the new Summons to Kolon pursuant to the MLAT. D.I. 52-54. The Government further claims in its May 30 filing that it "expects" Kolon's "appearance at the arraignment scheduled for June 7, 2013," or else the Government "will move the Court for such sanctions as are necessary to secure [Kolon's] appearance." D.I. 52 at 3.

In view of the manifest defects in this purported service, discussed further below, Kolon's counsel hereby move for leave to enter a special appearance to file a Motion to Quash the Superseding Indictment.[5]

## III. ARGUMENT

The Court can and should enter an order authorizing Kolon's counsel to appear specially to brief the basis for quashing the Summons and dismissing the Superseding Indictment.

Courts have broad discretion to allow special appearances. *See, e.g.*, *Harbison v. Va. ex rel. Cuccinelli*, Case No. 3:10-cv-297, 2010 U.S. Dist. LEXIS 94548, at *23 (E.D. Va. Aug. 11, 2010) (noting that defendants "made a special appearance by counsel to contest the validity of service of process upon them"); *Garrett v. Albright*, Case No. 2:06-cv-4137-NKL, 2008 U.S.

---

[5] Kolon recognizes that the Court's February 22, 2013 Order contemplated that service of the summons could be effected through the MLAT. *See Kolon Indus., Inc.*, 2013 U.S. Dist. LEXIS 24770, at *66 ("[T]he court concludes that . . . service in South Korea is governed by the MLAT between the United States and South Korea"). Kolon acknowledges that the Court's prior Order disagreed with Kolon's arguments under Criminal Rules 4(c)(2) and 4(c)(3)(C) that Kolon cannot be served with a summons under the MLAT or otherwise. *See id.* at *11-12. Kolon seeks leave to appear specially to: (1) provide the Court with the opportunity to consider new authorities, evidence, and argument in light of the Government's most recent attempt at service; (2) preserve these arguments for appellate review; and (3) as requested by the Court, *see, e.g.*, Feb. 8, 2013 Hr'g Tr. at 6:13-15:5, provide an examination of the legislative history supporting these arguments.

Dist. LEXIS 25988, at *14 (W.D. Mo. Apr. 1, 2008) ("A defendant may make a limited or special appearance for purposes of contesting personal jurisdiction."); *see also Prudential Ins. Co. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (noting that "the right to specially appear in the federal court is substantial").

Such leave is routinely granted where, as here, a defendant's attorneys seek to raise jurisdictional issues and to attack the service of summons. *See, e.g.*, *Kolon Indus., Inc.*, 2013 U.S. Dist. LEXIS 24770, at *3 (granting Kolon leave to file a Motion to Quash); Order at 1, *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), Dkt. No. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (same). Indeed, as noted above, this Court has previously granted Kolon's counsel leave to specially appear for the purposes of seeking to quash the Government's prior Indictment, *see* D.I. 20 and *supra* at 3, and Kolon succeeded in quashing the Indictment, *see supra* at 4.[6]

If allowed to appear specially, Kolon's attorneys will file the brief attached as Exhibit A to Kolon's Motion for Leave, which sets forth the legal deficiencies in the Government's purported service of the Summons on Kolon. First, notwithstanding the purported service of the Summons in Korea through the MLAT, Kolon has not been served "within the jurisdiction of the United States," as required for effective service under Criminal Rule 4. Fed. R. Crim. P. 4(c)(2). Second, Kolon has not been served because the Government has not mailed a copy of the

[6] In some instances, defendants have simply given notice of a special appearance, without even requesting that the court grant leave. *See, e.g.*, Specially-Appearing Defs.' Notice of Mot. & Mot. to Quash at 1, *United States v. Pangang Group Co.*, No. 11-cr-00573 (N.D. Cal. Mar. 29, 2012), Dkt. No. 107; Johnson Matthey Plc's Mot. to Quash Service of Summons on Indictment at 1, *United States v. Johnson Matthey Plc*, No. 06-cr-169 (D. Utah Jan. 23, 2007), Dkt. Nos. 60, 92. Out of an abundance of caution, Kolon's attorneys have chosen to seek the Court's permission before appearing specially to contest service and jurisdiction.

Summons to its "last known address within the district or to its principal place of business elsewhere in the United States." Fed. R. Crim. P. 4(c)(3)(C), 9(c)(1)(A). Indeed, the Government cannot do so because Kolon has no last known address in the Eastern District of Virginia and no principal place of business in the United States. Third, the new Summons must be quashed for failure to comply with Criminal Rules 4(b)(1) and 9(b)(1)-(2), which require that a defendant be named with reasonable certainty. *See* Fed. R. Crim. P. 4(b)(1) and 9(b)(1)-(2).

Kolon's Motion to Quash the Superseding Indictment differs in key respects from its previous Motion. First, the current Motion more fully develops the legislative history of Federal Rules of Criminal Procedure 4(c)(2) and 4(c)(3)(C), matters with respect to which this Court requested additional detail at the hearing on Kolon's first Motion to Quash. *See, e.g.,* Feb. 8, 2013 Hr'g Tr. at 6:13-15:5.

Second, the Motion discusses the ramifications of the DOJ's October 2012 letter to the Criminal Rules Advisory Committee, which Kolon previously did not have an opportunity to brief (and which the Court's February 22, 2013 Order did not address).

Third, Kolon's Motion to Quash the Superseding Indictment details the significant legal and factual developments since the Court's February 22, 2013 Order that have further strengthened Kolon's argument that the Government cannot serve a criminal summons on Kolon. One such development was the Advisory Committee's March 25, 2013 memorandum in response to the DOJ's letter requesting amendments to Criminal Rule 4. That response recommended the appointment of a subcommittee to study the Government's proposal, observing that the current Rules "pose[] an obstacle to the prosecution of foreign corporations . . . that cannot be served because they have no last known address or principal place of business in the United States." Exhibit C at 309. Thereafter, the DOJ's proposal was apparently presented

to the full Advisory Committee. In short, subsequent to the Court's Order, it has become clear that the rulemaking process is now underway. *See id.* at 5.

Fourth, since the Court's Order yet another judicial opinion has affirmed that Criminal Rule 4(c)(3)(C)'s mailing requirement is a mandatory prerequisite to service of a criminal summons on an organization. In April 2013, the court in *United States v. Pangang Group Co., Ltd.*, Case No. 3:11-cr-00573-JSW (N.D. Cal. Apr. 8, 2013) (attached hereto as Exhibit D), flatly rejected the Government's argument that it need not comply with Criminal Rule 4(c)(3)(C)'s mailing requirement as to a foreign organizational defendant with no last known address in the District or principal place of business in the United States. *Id.* at 8. The federal district court for the Northern District of California granted the defendant's motion to quash, affirming that "the United States must be able to show that it has complied with the mailing requirement to effect service on [the foreign organizational defendant]." *Id.* at 10.

Lastly, the novel and ambiguous captioning in the Government's Superseding Indictment gives rise to a new and independent basis to quash service of the Summons. The new caption, purporting to name as a defendant "KOLON INDUSTRIES INC., Including and through its successors 'Kolon Industries, Inc.' and 'Kolon Corporation,'" leaves Kolon with no certainty as to which Kolon entity or entities the Court has summoned for arraignment. *See* Fed. R. Crim. P. 4(b)(1); Fed. R. Crim. P. 9(b)(1)-(2). For the reasons discussed in Kolon's Motion to Quash the Superseding Indictment, that defect also renders service of the Summons invalid.

## IV. CONCLUSION

To present these and other arguments challenging service of the Summons, Kolon's attorneys respectfully request that the Court grant their Motion for Leave, vacate the arraignment scheduled for June 7, 2013, and enter a schedule for briefing and hearing on Kolon's Motion to

Quash the Superseding Indictment. Meanwhile, Kolon believes it is not obligated to appear at any arraignment, and does not intend to appear, because the Court lacks personal jurisdiction over Kolon.

Respectfully submitted this 3rd day of June, 2013.

By: /s/ Rhodes B. Ritenour ________________________
Rhodes B. Ritenour (Virginia Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

Jeff G. Randall (*pro hac vice pending*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (*pro hac vice* pending)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

***Attorneys for Specially-Appearing Defendant Kolon Industries, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2013, I electronically filed the foregoing document, entitled "MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC.," with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below:

Michael S. Dry, Esq.
**UNITED STATES ATTORNEY'S OFFICE**
600 E. Main Street, Suite 1800
Richmond, VA 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
michael.s.dry@usdoj.gov

Kosta Stojilkovic, Esq.
**UNITED STATES ATTORNEY'S OFFICE**
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-2584
kosta.stojilkovic@usdoj.com

***Attorneys for the United States of America***

By: /s/ Rhodes B. Ritenour ______________________
Rhodes B. Ritenour (Virginia Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

***Attorney for Specially-Appearing Defendant Kolon Industries, Inc.***