IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | 3:12-CR-137-REP |
| v. ) | |
| ) | |
| KOLON INDUSTRIES, INC., ) | |
|     Including and through its ) | |
|     successors "Kolon Industries, Inc." ) | |
|     and "Kolon Corporation" ) | |
| JONG-HYUN CHOI, ) | |
| IN-SIK HAN, ) | |
| JU-WAN KIM, ) | |
| KYEONG-HWAN RHO, ) | |
| YOUNG-SOO SEO, ) | |
| ) | |
|     Defendants. ) | |

**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC. AND APPLICATIONS OF JEFFREY GRAHAM RANDALL, KATHLEEN H. GOODHART, AND STEPHEN C. NEAL TO QUALIFY AS FOREIGN ATTORNEYS**

The United States of America, by and through the undersigned attorneys, respectfully submits this opposition to the Motion for Leave to Enter Limited and Special Appearances on Behalf of Kolon Industries, Inc. (Dkt. No. 60) (June 3, 2013) (hereinafter "Motion") and the Applications of Jeffrey Graham Randall, Kathleen H. Goodhart, and Stephen C. Neal to Qualify as Foreign Attorney Under Local Criminal Rule 57.4 for the Limited Purposes of Challenging this Court's Jurisdiction, Service of a Summons on the Superseding Indictment, and Issuance of a Subpoena in the Above-Captioned Case (Dkt. Nos. 56, 58, and 59) (June 3, 2013) (hereinafter "Applications").

**I.     Background**

The first indictment in this case named Kolon Industries, Inc. and several of its employees as defendants. The United States did not oppose the motion of Kolon Industries, Inc. to specially appear, through Mr. Randall and Mr. Neal among others, for the purpose of raising jurisdictional objections and challenging service of process.

After four rounds of briefing and extensive oral argument, this Court held that Kolon Industries, Inc. had not been properly served because service of the summons in Korea pursuant to the Mutual Legal Assistance Treaty ("MLAT") occurred after the first arraignment date. Memorandum Opinion (Dkt. No. 44) (February 22, 2013). In reaching this conclusion, the Court unequivocally held that Kolon Industries, Inc. was subject to its jurisdiction if timely and properly served. In particular, the Court: (1) rejected the argument that the "mailing requirement" of Federal Rule of Criminal Procedure 4(c)(3)(C) was jurisdictional in nature, id. at 7-14; (2) rejected the argument that criminal summonses can only be served within the jurisdiction of the United States pursuant to Rule 4(c)(2), id. at 49-51; and (3) held that personal jurisdiction would attach either upon compliance with the "delivery requirement" of Criminal Rule 4(c)(3)(C), id. at 11, or upon timely service pursuant to the MLAT, id. at 11 n.4 & 51. The Court then ordered the United States to cause a new summons to be served through the MLAT. Id. at 58-59.

Following the Court's ruling, the Grand Jury returned a superseding indictment. The superseding indictment alleged that, following the commission of the crimes alleged therein, the original Kolon Industries, Inc. underwent a corporate reorganization resulting in the creation of a new company, also named Kolon Industries, Inc., and the conversion of the old company into a holding company named Kolon Corporation. Superseding Indictment at ¶11 (Dkt. No. 46)

(March 19, 2013). The superseding indictment named both post-reorganization entities as successors to the original Kolon Industries, Inc., and listed both entities in the case caption. Id. at page 1 and ¶11.

On May 8, 2013, summonses were timely served upon the new Kolon Industries, Inc. and upon Kolon Corporation at their joint headquarters in Korea. Both summonses were accepted by an office clerk/employee at the joint headquarters. See Exhibit 2 to Notice of Service of Process upon Kolon Industries, Inc. and Kolon Corporation (Dkt. No. 52-2) (May 30, 2013). In addition, on May 8, 2013, corporate summonses were served in the same manner upon the Chief Executive Officers of both entities. See id.

**II.     Analysis**

The United States opposes the Motion and the Applications because there is no colorable basis for challenging this Court's jurisdiction or service of process in light of this Court's prior ruling on the subject. The United States has caused Kolon Industries, Inc. and Kolon Corporation to be served in precisely the same manner as Kolon Industries, Inc. was served last time, except that this time service was timely. The United States also has caused service to occur upon the Chief Executive Officers of both companies. Finally, the United States has filed returns of service with the clerk's office. See Returns of Summons on Kolon Industries, Inc. and Kolon Corporation (Dkt. Nos. 53 & 54) (May 30, 2013). On this record, any limited appearance to contest jurisdiction or challenge process would necessarily entail relitigating issues that have already been decided by this Court. Granting the Application under such circumstances would not be in the interests of justice, as it would permit the movants to further delay their appearance for trial.

The purported Memorandum in Support of Specially-Appearing Defendant Kolon Industries, Inc.'s Motion to Quash Service and to Dismiss The Superseding Indictment (Dkt. No. 61-1) (June 3, 2013) (hereinafter "Memorandum"), confirms that the movants largely seek to relitigate issues already decided by this Court.  Thus, the movants again argue that Rule 4(c)(2) and the "mailing requirement" of Rule 4(c)(3)(C) insulate foreign corporations from service of criminal process, that the MLAT does not create an independent basis for service, and that proposed amendments to the Criminal Rules seeking to ensure that foreign corporations cannot avoid service through misconstruction of the current rules have the perverse effect of supporting such a misconstruction.  See id. at 7-27.  All of these arguments have already been heard and rejected by this Court.

Movants indicate they wish to bring new authorities to the Court's attention and provide instructive legislative history that was missing from the prior briefings.  However, the principal new authority relied on by the movants, a Memorandum to the Advisory Committee on Criminal Rules dated March 25, 2103, provides as follows:

> A review of the materials related to service of process on foreign entities suggests that the original intent of the mailing requirement in both the Civil and Criminal Rules was to address the problem that service of certain statutorily appointed agents, such as the Secretary of State, would not immediately put a foreign entity on notice or ensure its immediate receipt of process or documents.

Exhibit 1 to the Memorandum at 311.  This lends no support to the movants argument, and in fact suggests that noncompliance with the mailing requirement should not invalidate service where the corporation was served directly rather than through a statutorily created agent.

Contrary to the movants' claim of unearthing helpful legislative history, this memorandum also concedes that there is no legislative history explaining why the mailing requirement was expanded in 2002 to apply to all cases of criminal service of process.  See id. at

4

310 ("Unfortunately, the Administrative Office has been unable to discover any materials shedding additional light on the Committee's deliberations or the reason it extended the mailing requirement to all cases in which a summons is served on a corporation.").[1]

The only other new authority cited by the movants is a district court from the Northern District of California that distinguishes this Court's opinion in very cursory fashion, without consideration of any authorities that were not available to this Court when it issues its opinion. See United States v. Panang Group Co., Ltd. at 9-10 (Exhibit 2 to the Memorandum). The United States submits that it is exceedingly unlikely that this Court would abandon its previous findings on the basis of such new materials.

The only novel argument raised by the movants is that the superseding indictment should be quashed because it is ambiguous as to the identity of the corporate defendants. Id. at 27-30. This argument is curious at best, since the ambiguity in the name Kolon Industries, Inc. is the direct result of the movants choice to shift an old name onto a new company, and continue the operation of the remainder of the old company under a new name, after the old company became the subject of a civil lawsuit and a criminal investigation. This choice by the movants necessitates that the United States prove in this case that the original Kolon Industries, Inc. committed the charged crimes from 2002 through 2009, and that—as a matter of law—the new Kolon Industries, Inc. and Kolon Corporation must answer for those crimes. That is precisely

---

[1] Indeed, of all the available legislative history on the 2002 amendments, there are only two pertinent bits of information, neither of which answer the question whether the mailing requirement is jurisdictional. These are the observation in 2001 Advisory Committee Notes that "in all cases in which a summons is being served on an organization, a copy of the summons must be mailed to the organization," and the observation in the same document that the removal of the more limited mailing requirement from old Rule 9 (which would not have required a mailing in this case) was "intended to be stylistic only" and that "[t]he language in current Rule 9(c)(1), concerning service of a summons on an organization, has been moved to Rule 4." Report of the Advisory Committee on Criminal Rules, Appendix A at 12 & 39 (May 10, 2001) available at http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Reports/CR05-2001.pdf (last accessed June 4, 2013).

what the superseding indictment provides. The ambiguity argument also fails because the allegations regarding the corporate reorganization in the superseding indictment are based directly on a statement that the old Kolon Industries, Inc. made to this Court through its counsel in an ongoing civil case. See Statement to the Court on Corporate Transactions Involving Kolon Corporation, E.I. DuPont de Nemours and Company v. Kolon Industries, Inc., E.D.Va. No. 3:09-cv-58 (Dkt. No. 1755) (Dec. 13, 2011) ("In October 2009, the board recommended a transaction, approved by the shareholders effective December 31, 2009, to 'spin off' the industrial manufacturing operations and assets (including Heracron) into a newly-formed public company, which adopted the English name 'Kolon Industries, Inc.', while Original Kolon Industries retained the investment assets and portfolio management functions, adopting the English name "Kolon Corporation.' ").

Most importantly, for present purposes, the movants fail to identify any compelling reason why an ambiguity challenge requires a special appearance.[2] The Movants cite no case, and the United States in not aware of any, permitting a limited appearance for purposes of raising an ambiguity challenge to an indictment. If these entities believe the superseding indictment is ambiguous, they should appear to be arraigned and move the Court for whatever relief they deem proper at that time, rather than seeking leave for a special appearance.

---

[2] The movants' claim that they cannot tell whether the summonses are directed to the entities existing today or the original Kolon Industries is simply fallacious, as they themselves concede that "if the Government intended to name Old [Kolon Industries, Inc.] as a defendant, then it knowingly used the wrong name in the Summons, since it concedes that Old [Kolon Industries, Inc.] . . . now goes by the name Kolon Corporation." See Memorandum in Support of Specially-Appearing Defendant Kolon Industries, Inc.'s Motion to Quash Service and to Dismiss The Superseding Indictment at 29 (Dkt. No. 61-1) (June 3, 2013). Moreover, common sense dictates that the United States cannot go back in time to serve the old Kolon Industries, Inc., so it has served the currently existing companies—the new Kolon Industries, Inc. and Kolon Corporation—and will prosecute them for the conduct of the predecessor entity. Hence the case and summons caption naming "Kolon Industries, Inc., [i]ncluding and through its successors 'Kolon Industries, Inc.' and 'Kolon Corporation.' "

The United States also opposes the Motion and Applications because they entail an apparent conflict of interest. The Motion and Application all seek an appearance "on behalf of Kolon Industries, Inc. and any other entity that the Government contends is both a party and was properly served with process in the above-captioned case." Motion at 1 n.1; Applications at 2. As explained above, the superseding indictment names both the new Kolon Industries, Inc. and Kolon Corporation as successors to the original Kolon Industries, Inc., and summonses have been served on both post-reorganization entities. Kolon Industries, Inc. and Kolon Corporation may have adverse interests in this case. For instance, each company may decide to argue (though the United States would not agree with such arguments) that only the other company bears criminal liability for the conduct of the old Kolon Industries, Inc.

Since Kolon Industries, Inc. and Kolon Corporation may have adverse interests in this criminal case, the Court has a duty to inquire whether both companies consent to being represented by the same attorney. See United States v. Tatum, 943 F.2d 370, 379 (4th Cir. 1991) ("When the risk of a conflict of interest is brought to the attention of the trial court, however, the court has the responsibility to investigate further, <u>to advise the defendant personally</u>, and to receive a knowing waiver if that is the expressed wish of the defendant.") (emphasis added). If the Court is not satisfied that Defense Counsel's representation would be conflict-free, then the Court has discretion to refuse a waiver by the defendant, "not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Wheat v. United States, 486 U.S. 153, 163 (1988) (recognizing that "the willingness of an

attorney to obtain such waivers from his clients may bear an inverse relation to the care with which he conveys all the necessary information to them").[3]

In this case, the Court cannot inquire into any potential conflict with corporate representatives of Kolon Industries, Inc. and Kolon Corporation unless they appear in Court, which is precisely what the Motion and Applications seek to avoid. Therefore, the Court cannot discharge its duty to advise the defendants personally of any conflict of interest unless the defendants appear to be arraigned, at which time the Motion would become moot.[4]

**III.    Conclulsion**

The Motion and Applications should be denied because they seek to relitigate issues that have already been decided by this Court, to raise an ambiguity challenge to the superseding indictment that is not a proper basis for a limited appearance, and because the applicants have a potential conflict of interest that this Court cannot fully explore without the presence of corporate representatives in court.

---

[3] The Court's duty to inquire into a potential conflict arises even in a request for a limited appearance, because Local Criminal Rule 57.4(D)(3) provides that "no pleading or notice required to be signed by counsel shall be filed unless signed by counsel who shall have been admitted to practice in this Court . . . <u>and who shall have such authority that the Court can deal with the attorney alone in all matters connected with the case</u>." (emphasis added).

[4] The United States takes no position at this time as to whether the applicants (or any other counsel) could represent both Kolon Industries, Inc. and Kolon Corporation after they enter their general appearance and this Court has an opportunity to examine the potential conflict of interest.

Respectfully submitted,

Neil H. MacBride
United States Attorney

_____/s/_____
Kosta S. Stojilkovic
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700

_____/s/_____
Michael S. Dry
Assistant United States Attorney
600 East Main Street, Suite 1800
Richmond, VA 23219
(804) 819-5400

Jeffrey H. Knox
Chief, Fraud Section

_____/s/_____
John W. Borchert
Trial Attorney, Fraud Section
Criminal Division, Department of Justice
1400 New York Avenue, N.W.
Washington, DC 20530
(202) 514-0890

John Lynch
Chief, Computer Crime & Intellectual Property
Section

_____/s/_____
Rudolfo Orjales
Senior Counsel, Computer Crime & Intellectual
Property Section
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, DC 20530
(202) 514-1026

Dated: June 4, 2013

9

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of filing (NEF) to the following:

> Rhodes Beahm Ritenour
> LeClair Ryan PC (Richmond)
> 951 E Byrd St
> PO Box 2499
> Richmond, VA 23218-2499
> 804-916-7106
> Fax: 804-916-7206
> Email: rhodes.ritenour@leclairryan.com
>
> Jeffrey Graham Randall
> Paul Hastings LLP (CA-NA)
> 1117 S California Ave
> Palo Alto, CA 94304
> (650) 320-1850
> Fax: (650) 320-1950
> Email: jeffrandall@paulhastings.com
>
> Stephen C. Neal
> Cooley LLP
> 5 Palo Alto Square
> 3000 El Camino Real
> Palo Alto, CA 94306
> (650) 843-5182
> Fax: (650) 849-7400
> Email: nealsc@cooley.com

By:      /s/     
Kosta S. Stojilkovic
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700