**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KOLON INDUSTRIES, INC.,** Including and through its successors "Kolon Industries, Inc." and "Kolon Corporation" | ) | **Case No. 3:12-cr-137** |
| **JONG-HYUN CHOI,** | ) | |
| **IN-SIK HAN,** | ) | |
| **JU-WAN KIM,** | ) | |
| **KYEONG-HWAN RHO,** | ) | |
| **YOUNG-SOO SEO,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC. AND APPLICATIONS OF JEFFREY G. RANDALL, KATHLEEN H. GOODHART, AND STEPHEN C. NEAL TO QUALIFY AS FOREIGN ATTORNEYS**

Jeff G. Randall (*pro hac vice* pending)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (*pro hac vice* pending)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Rhodes B. Ritenour (VA Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

***Attorneys for Specially-Appearing Defendant Kolon Industries, Inc.***

## I. INTRODUCTION

The United States Government seeks to mask its defective service attempts by asking this Court to strip a (potential) criminal defendant of its well-established, substantial "right to specially appear in [] federal court," *Prudential Ins. Co. of Am. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (citations omitted), and to thereby foreclose dispositive challenges to service of the Summons and the Court's personal jurisdiction.[1] No case supports the Government's misguided attempt.[2] Nor do the facts.

The Government argues that the Court should deny the Motion for Leave because a special appearance would "entail relitigating issues that have already been decided by this Court." D.I. 63 at 3. That premise is flawed for several reasons, including the following:

- To the extent the Government contends it has named any new Kolon entity as a defendant in the Superseding Indictment and summoned it to appear (as compared to the original Indictment and Summons, which named and summoned only "KOLON INDUSTRIES, INC."), the Government cannot preclude any such newly-summoned defendant(s) from entering a special appearance to contest jurisdiction and service.

- The Court's February 22, 2013 Opinion and Order ("Order"), *United States v. Kolon Indus., Inc.*, No. 3:12-CR-137, 2013 U.S. Dist. LEXIS 24770 (E.D. Va. Feb. 22, 2013) (appearing at D.I. 44, 45), held only that an expired summons is ineffective, and that the Government failed to prove that service was made pursuant to the civil alter ego or agency doctrines. The Court's views regarding Criminal Rule 4(c)(2)'s territorial limitation and Criminal Rule 4(c)(3)(C)'s mailing requirement were unnecessary to the order granting Kolon's original

---

[1] *See also* Order at 1, *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), D.I. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (same).

[2] To the contrary, at least some courts have granted special appearances without a motion seeking leave. *See, e.g.*, Specially-Appearing Defs.' Notice of Mot. & Mot. to Quash at 1, *United States v. Pangang Group Co.*, No. 11-cr-00573 (N.D. Cal. Mar. 29, 2012), Dkt. No. 107; Johnson Matthey Plc's Mot. to Quash Service of Summons on Indictment at 1, *United States v. Johnson Matthey Plc*, No. 06-cr-169 (D. Utah Jan. 23, 2007), Dkt. Nos. 60, 92. Out of an abundance of caution, Kolon's attorneys have chosen to seek the Court's permission before appearing specially to contest service and jurisdiction.

Motion to Quash and, therefore, are not dispositive, particularly because the Court was without the benefit of the complete legislative history or the events that have occurred since the previous briefing.

- Kolon did not have the opportunity to brief the DOJ's October 2012 letter to the Criminal Rules Advisory Committee ("Advisory Committee") regarding amendments to Criminal Rule 4,[3] D.I. 40-1 at 1, nor did the Court's February 22, 2013 Order address the same. Likewise, the Court has **not** "heard and rejected," D.I. 63 at 4, any argument related to the formation of a Subcommittee to evaluate the proposed amendments to the Rule because that action did not occur until March 25, 2013. *See, e.g.*, D.I. 61-3 at 5 and 309.

- In the previous briefing, the Court did not consider legislative history regarding Criminal Rule 4(c)(3)(C)'s mailing requirement and Criminal Rule 4(c)(2)'s territorial limitations, although it inquired into the availability of the same. *See* Feb. 8, 2013 Hr'g Tr. at 6:13-15:5. As explained in Kolon's Motion to Quash, D.I. at 61-1, the Court's prior ruling cannot stand in the face of this history, which shows that the Rules preclude service abroad, that the MLAT does not and cannot authorize service of the Summons, and that the mailing requirement is a jurisdictional prerequisite.

- Finally, the Court's decision was without the benefit of *United States v. Pangang Group Co., Ltd.*, Case No. 3:11-cr-00573-JSW (N.D. Cal. Apr. 8, 2013), D.I. 61-4, which affirmed that Criminal Rule 4(c)(3)(C)'s mailing requirement is a mandatory prerequisite to service of a criminal summons on an organization. That court emphasized both the plain language of the Rule and the Advisory Committee Notes (which were not addressed by this Court's February 22, 2013 Order).

The Government also contends that the Court should deny the Motion for Leave (and the pro hac vice applications) so that Kolon may be arraigned and then advised regarding any potential conflict of interest. Unless service was made pursuant to Criminal Rule 4 and jurisdiction was established, however, there is no duty to advise regarding any potential conflict of interest; here, on the contrary, the interests of Kolon Industries, Inc. and Kolon Corporation are perfectly aligned for purposes of the present request to specially appear—the Government has failed to comply with the jurisdictional prerequisites of Criminal Rule 4 and neither is

[3] Kolon did not have the opportunity to brief the DOJ letter because the Government failed to disclose the existence of the same despite its knowledge that the DOJ had articulated an official position that is contrary to the Government's position in this case. *See, e.g.,* D.I. 61-1 at 436-37.

subject to the Court's jurisdiction.

Put simply, Kolon is not attempting to "further delay [an] appearance for trial," D.I. 63 at 3. Kolon is reasonably contesting service of the summons and this Court's jurisdiction over it, consistent with its due process rights. *See Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 285 (1989). Denying Kolon leave to enter a special appearance to brief matters related to personal jurisdiction, and proceeding to arraignment without proper service, would violate due process. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418-19 (1984). The Motion for Leave, as well as the Applications to Qualify as Foreign Attorneys, should be granted.

## II. ARGUMENT

### A. The Ambiguities as to the Defendant(s) Summoned to Appear Defeat the Government's Arguments to Deny the Motion for Leave.

Several problems arise from the Government's ambiguous references to three Kolon entities in the new Summons, which make it impossible to determine which entity or entities are the defendant(s) summoned to appear for arraignment. As detailed in Kolon's moving papers, the new Summons is ambiguously captioned "Kolon Industries, Inc., Including and through its successors 'Kolon Industries, Inc.' and 'Kolon Corporation.'" *See* D.I. 48. Moreover, the Superseding Indictment (D.I. 46)—which the new Summons attaches and references to describe the charged offenses—simply adds to the confusion as to which such entity or entities have been named as defendant(s) and summoned to appear. *See* D.I. 61 at 7, 8; D.I. 61-1 at 32-35. The Government's failure to name or describe the defendant(s) with reasonable certainty is fatal not only to the Summons (*see* Fed. R. Crim. P. 4(b)(1), 9(b)(1)-(2)), but also to the Government's arguments to deny the Motion for Leave.

First, to the extent the Government contends that it has named **any** new entity as a defendant in the new Summons and Superseding Indictment as compared to the original Summons and Indictment, it cannot properly preclude any such new party from briefing matters related to personal jurisdiction and service. Here, although the Government's statements in opposition to the Motion to Leave cannot remedy the fatal ambiguities as to the defendant(s) named in the new Summons (*cf. id.*), it is nonetheless telling that the Government now contends it "will prosecute" the new Kolon Industries, Inc. and Kolon Corporation "for the conduct of the predecessor entity," old Kolon Industries. *See* D.I. 63 at 6 n.2; *see also id.* at 7 (Government contending that the "superseding indictment names both the new Kolon Industries, Inc. and Kolon Corporation as successors to the original Kolon Industries, Inc."). It is beyond dispute that the Government did not name or even **mention** "new Kolon Industries, Inc." or "Kolon Corporation" in the original Summons or Indictment (*see* D.I. 9; *see also* D.I. 3). Thus, the Government apparently now contends that it has named and summoned one or more new defendant(s), and at a minimum, the Motion for Leave (and pro hac vice applications) should be granted to permit such defendant(s) to brief and be heard on these issues.

Second, even if the Government's Opposition did help clarify which entity(ies) the Government **intended** to name as defendant(s) and summon for arraignment—and Kolon contends it did not[4]— the Court may not merely amend the Summons or the Superseding Indictment it attached to resolve the discrepancy. For example, courts have refused to extend an

[4] Kolon contends that the Government's opposition did not, in fact, clarify its intent. On the contrary, the Government persists in maintaining the ambiguity, as it never definitively states whether it intended to summon any of old Kolon Industries, Inc., new Kolon Industries, Inc., or Kolon Corporation as defendants to be arraigned. *See* D.I. 63 at 5-6 (arguing that the Government must "prove that the original Kolon Industries, Inc. committed the charged crimes" and that "as a matter of law[,] the new Kolon Industries, Inc. and Kolon Corporation must answer for those crimes," but refusing to state definitively which entity or entities are named as defendant(s) in the summons or Superseding Indictment).

indictment from one entity to an affiliated entity without a finding that the grand jury intended to indict the affiliated entity. In *United States v. ITT Blackburn Co.*, the court held that while the indictment named Blackburn (the unincorporated division of a corporation) this was insufficient to name the parent company (ITT) as a defendant, 824 F.2d 628, 633 (8th Cir. 1987). Instead, the *Blackburn* court explained that, according to the grand jury transcripts, "the prosecutor and the grand jury did not use 'Blackburn' interchangeably with 'ITT.'" *Id.* Because the grand jury did not intend to indict ITT, the court was unwilling to find that the indictment of ITT's subsidiary (Blackburn) necessarily extended to the parent company (ITT). *See id.* at 631. Similarly, here, the Court cannot save the fatally ambiguous Summons by deeming certain Kolon entity(ies) to have been named defendant(s), as it is unclear which entity(ies) the grand jury intended to indict and, therefore, subject to a summons.

Finally, at the very least, the Court should vacate the scheduled arraignment date and permit the parties to brief the issues regarding the ambiguous Summons. The appropriate remedy would be to issue a new summons, not to proceed with the arraignment and attempt to amend the Summons by judicial fiat.

Based on the confusion caused by the ambiguity as to the defendant(s) in the Summons and the Superseding Indictment , it is imperative that Kolon be permitted to brief whether the Summons should be quashed.

**B. Kolon is Not Seeking to Relitigate Matters That Are the Subject of The Court's Holding on the Previous Motion to Quash.**

In its February 22, 2013 Order, *Kolon Indus., Inc.*, 2013 U.S. Dist. LEXIS 24770 (appearing at D.I. 44, 45), the Court held that: (i) the Government's attempted service of an expired summons pursuant to the MLAT was insufficient for purposes of satisfying Criminal Rule 4's delivery requirement (D.I. 44 at 52 and 53-57); (ii) the Government failed to show that

Kolon USA was Kolon's managing agent for purposes of the Rule (D.I. 44 at 39-40); and (iii) the Government failed to meet its burden of proving that Kolon USA is an alter ego of Kolon for purposes of service (D.I. 44 at 46-48).

Kolon does not anticipate that these issues will be raised in connection with its more recent Motion to Quash. *See* D.I. 61-1. In any event, the Court's remaining views—specifically regarding Criminal Rule 4(c)(3)(C)'s mailing requirement and Criminal Rule 4(c)(2)'s territorial limitation—were not necessary to the decision and, as the Court noted during the hearing, were made without the benefit of the legislative history of the Rule.

**C. Kolon Has Presented New and Supplemental Authorities With Respect to the United States Department of Justice's Request to the Advisory Committee.**

Contrary to the Government's assertion, evidence of the ongoing rulemaking process—prompted by the Department of Justice's own proposed amendment—was not "heard and rejected by this Court." *See* D.I. 63 at 4. First, Kolon was previously unable to brief AAG Breuer's submission to the Advisory Committee and the Court did not address it in its prior decision. *See* D.I. 40-1 (Letter from Lanny Breuer, Assistant Attorney General, United States Department of Justice, to the Hon. Reena Raggi, Chair, Advisory Committee on the Criminal Rules (Oct. 25, 2012) (the "Breuer Letter")). The Government did not see fit to disclose the letter (despite taking numerous contrary positions here) and Kolon obtained a copy of the Breuer Letter on the eve of the February 8, 2013 hearing. *See* D.I. 40, 40-1. Second, the Court could not have considered the Advisory Committee's subsequent memorandum addressing AAG Breuer's proposed amendment because it post-dated the Court's prior decision. *See* D.I. 61-3 at 309 (Mem. from Profs. Sara Sun Beale and Nancy King, Reporters, to Members, Criminal Rules Advisory Committee (Mar. 25, 2013) (the "Advisory Committee Memo")).

The Government's attempts to sidestep the substance of the Advisory Committee

materials are equally flawed. The Government disingenuously recasts the Breuer Letter as addressing "misconstruction of the current rules." *See* D.I. 63 at 4. Nowhere in the Breuer Letter does the Department of Justice reference a "misconstruction" of current Rule 4 or explain that the proposed amendments are unnecessary if the current rules are construed properly. *See* D.I. 40-1. To the contrary, AAG Breuer explained "[t]he proposed amendments **are necessary** to ensure that organizations that commit domestic offenses are not able to avoid liability through the simple expedients of declining to maintain an agent, place of business and mailing address within the United States." *Id*. (emphasis added).[5]

Moreover, the Government acknowledges developments post-dating the Court's February 22, 2013 Order, D.I. 44, but nevertheless implores the Court to deny Kolon the opportunity to brief them. Kolon submits that these materials are highly relevant. As reflected in the Advisory Committee Memo, the Advisory Committee is considering the proposed amendments to the Rule and recognized that the current Rules "pose[] an obstacle to the prosecution of foreign corporations . . . that cannot be served because they have no last known address or principal place of business in the United States." D.I. 61-3 at 309. The Advisory Committee further noted that the DOJ had made a "strong case for reconsideration of the rules for service of process on entities," citing "cases in which it appears Rule 4 may prevent service of process on foreign entities for conduct that violates federal law." *Id.*

Contrary to the Government's assertion, the Advisory Committee Memo need not explain why the mailing requirement was expanded to "all" cases in 2002. Indeed, the Government's

---

[5] The Breuer Letter further explains that the Government sought to amend Rule 4 "to permit the effective service of a summons on a foreign organization that has no agent or principal place of business within the United States" and that the amendments are "**necessary** in order to effectively prosecute foreign organizations that engage in violations of domestic criminal law." D.I. 40-1 at 1 (emphasis added).

emphasis misses the point. Why the mailing requirement was expanded to apply in additional cases is distinct from the central question whether the mailing requirement, when applicable, is an essential component of service. It unquestionably was under prior Rule 9, and nothing in the legislative history suggests that the stylistic change of moving it to current Rule 4 was intended to transform it into an optional notice requirement. Moreover, the Advisory Committee Memo provides analysis of the differences between the language contained in Civil Rule 4 and Criminal Rule 4—a topic of some interest to this Court. *See* D.I. 61-3 at 309-14; *see also* Feb. 8, 2013 Hr'g Tr. at 6:13-15:5 (noting the lack of briefing on the legislative history of Criminal Rule 4). Kolon's proposed Motion to Quash includes an even more detailed analysis on the issue, recognizing that the divergent histories of Civil and Criminal Rule 4 confirm that Criminal Rule 4's express territorial limitation that forecloses proper service upon Kolon.

The Government has been on notice of the need to recommend changes to Rule 4 since at least 2007, when a district court quashed service of a criminal summons upon a foreign corporate defendant with no last known address in the district or principal place of business in the United States. Service on the defendant's U.S.-based subsidiary also was deemed insufficient, despite the defendant's "actual notice" of the proceedings. *See United States v. Johnson Matthey PLC,* No. 2:06-CR-169 DB, 2007 WL 2254676, at *2 (D. Utah Aug. 2, 2007). Since then, other courts have similarly recognized that the mailing requirement is an absolute requirement for proper service. *E.g., United States v. Pangang Group Co.*, No. 11-CR-573-JSW, D.I. 293, *slip op*. at *8-11 (N.D. Cal. Apr. 8, 2013) (criminal rule 4 requires delivery and a mailing) (D.I. 61-4).

In the wake of these and similar decisions, the DOJ did precisely what it should—request a change in the rules through the proper channels. *See generally* Breuer Letter (D.I. 40-1). And

that process, which is governed by statute, *see* 28 U.S.C. § 2072, *et seq.*, has begun, as the Reporters of the Advisory Committee recommended the creation of a Subcommittee to consider the Breuer Letter. *See generally* Advisory Committee Memo (D.I. 61-3 at 309). The language of the Rule is plain; this Court should not make an end-run around the rulemaking process and construe Rule 4 as if it were already amended. *See United States v. Robinson*, 361 U.S. 220, 229 (1960) (the policy behind a Federal Rule "involving, as it does, many weighty and conflicting considerations, **must be resolved through the rule-making process and not by judicial decision**.") (emphasis added).

Kolon should be permitted to appear specially to fully present its position. Given that the Government has taken the position that Criminal Rule 4 must be amended to allow it to prosecute certain foreign offenders, such as Kolon, surely Kolon must be afforded the opportunity to be heard on the issue. The Government's arguments—addressed to the substance of Kolon's new authorities, not to any procedural deficiency in Kolon's Motion for Leave—do not counsel against granting Kolon's request to appear specially, they highlight the need for the parties to brief these issues fully.

### D. The Legislative History of Criminal Rules 4(c)(2) and 4(c)(3)(C) Defeats the Government's Attempt to Serve the Summons in Korea.

As argued in Kolon's Motion to Quash, D.I. 61-1, the legislative history of Rule 4—provided in response to the Court's queries at the February 2013 hearing—is fatal to the Government's service attempts. The Government's silence in the face of this history is deafening.

First, the Government entirely ignores the legislative history of Criminal Rule 4(c)(2), which confirms the impropriety of the Government's attempted service in a foreign country. Indeed, since its enactment, Rule 4(c)(2) has imposed "Territorial Limits" on the effective

service of a summons, confining such service to "the jurisdiction of the United States." *See* 18 U.S.C. app. § 687, at 1961, Fed. R. Crim. P. 4(c)(2) (1946) (setting forth "Territorial Limits" in original rule). That territorial limit remained in place for more than 60 years when, in 2002, it was amended to authorize service abroad "within the jurisdiction of the United States **or anywhere else a federal statute authorizes an arrest,**" an exception that is inapplicable here. Fed. R. Crim. P. 4(c)(2) (emphasis added). This history, together with Criminal Rule 4(c)(2)'s plain language, is fatal to the Government's attempt to serve Kolon in South Korea.

The Government also offers no response to Kolon's detailed comparison of Criminal Rule 4 to Civil Rule 4, underscoring the territorial limitations of the former. Indeed, Civil Rule 4 began with territorial limits, but, over the last 70+ years, has been repeatedly amended to authorize, expand, and specify methods for service "in a [f]oreign [c]ountry," Fed. R. Civ. P. 4(f); *see* Fed. R. Civ. P. 4(h)(2). Congress's failure to amend Criminal Rule 4 over the same period defies any argument that it also provides general authority for service abroad. Indeed, before Civil Rule 4 provided general authority for service abroad, courts routinely quashed summonses where, as here, no rule or statute authorized district courts to issue such process. *See, e.g.*, *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (affirming quashal of summons directed abroad, finding no authority in Civil Rule 4 or otherwise for issuance of process); *Martens v. Winder*, 341 F.2d 197, 201 (9th Cir. 1965) (affirming dismissal on ground that no statute or rule authorized service in Canada); *cf. Beaty v. M. S. Steel Co.*, 401 F.2d 157, 159 (4th Cir. 1968) (affirming dismissal as to out-of-state defendant, where "[n]o statute of the United States [or applicable state law] empower[ed] the District Court to exercise personal jurisdiction over the defendant").[6] The Government has no response.

---

[6] The Government suggests, in passing, that "the MLAT . . . create[s] an independent basis for

As to the legislative history of Criminal Rule 4(c)(3)(C)'s mailing requirement, the Government's halfhearted response is equally damaging. As explained in Kolon's Motion, former Criminal Rule 9 provided, in a single sentence, that a "summons to a corporation shall be served by . . . delivering a copy [to an appropriate agent] . . . and . . .by also mailing a copy to the corporation's last known address within the district or at its principal place of business elsewhere in the United States [in the case of certain statutory agents]." Fed. R. Crim. P. 9, 18 U.S.C. app. § 687 (1946). Although mailing was required only for some types of service on an organization, it was a mandatory component of service when required. *Id.* As part of the restyling of the Rules in 2002, the Advisory Committee moved Rule 9 to Criminal Rule 4(c)(3)(C) and specified only one substantive change—an expansion of the mandatory mailing requirement to "**<u>all cases</u>** in which a summons is being served on an organization." Fed. R. Crim. P. 4, Adv. Comm. Notes (2002) (emphasis added). This history leaves no doubt that, consistent with Rule 4(c)(3)(C)'s plain language, mailing is a fundamental component of how a "summons to a corporation shall be served." Fed. R. Crim. P. 9, 18 U.S.C. app. § 687 (1946).

The Government's response—well wide of the mark—claims that Criminal Rule 4(c)(3)(C)'s history is irrelevant because it does not "explain[] **<u>why</u>** the mailing requirement was expanded in 2002 to apply to all cases of criminal service of process." D.I. 63, at 4 (emphasis

---

service." D.I. 63, at 4. However, as on Kolon's previous motion, the Government has failed to ground that assertion in the text of the MLAT or any other rule or statute. Further, this argument ignores the fact that such a treaty provides only a "**<u>method</u>** of serving process in federal court litigation when a state or federal statute authorizes such service. **<u>It does not provide authority for serving process on a foreign defendant</u>** in the sense that the type of federal or state service-of-process statute referred to in [Rule 4] would provide." *De James v. Magnificence Carriers, Inc.*, 654 F.2d 280, 290 (3d Cir. 1981) (rejecting argument that Hague Convention authorized service abroad) (emphasis added); *Lemme v. Wine of Japan Import*, 631 F. Supp. 456, 462 (E.D.N.Y. 1986) (Hague Convention provides "a mechanism by which a party who is authorized by the laws of his own country to serve process . . . in a way that is acceptable to the country in which he makes service"). *See generally* D.I. 62-1, at 16-17.

added). The Government's doubts about Congress's motives, of course, are insufficient to override Rule 4(c)(3)(C)'s clear text and history, both of which confirm the necessity of mailing to effectuate service.

**E. The *Pangang II* Decision Further Undermines the Government's Arguments.**

The Government seeks to deny Kolon the opportunity to brief the recent decision in *United States v. Pangang Group Co., Ltd.*, Case No. 3:11-cr-00573-JSW (N.D. Cal. Apr. 8, 2013) (D.I. 61-4), which quashed service as to a foreign defendant with no presence in the United States, and which disagreed with this Court's conclusion that Rule 4(c)(3)(C) does not require a mailing. *See id.* at *10 (disagreeing with this Court's ruling as inconsistent with Advisory Committee Notes). The Government submits that the Court is "exceedingly unlikely" to be persuaded by this decision, but offers no reason why Kolon should be denied its right to test that assumption. The Government also claims that *Pangang*'s treatment of the Court's order was "cursory," a statement that is not only inaccurate, but irrelevant on Kolon's **procedural** Motion for Leave. The Government's arguments—which, once again, attack the merits of Kolon's arguments on a Motion to Quash—provide no reason to deny Kolon the opportunity to make them.

**F. The Government's Remaining Arguments are Unavailing.**

The Government asserts that it caused service to occur on the CEOs of Kolon Industries, Inc. and Kolon Corporation. That is incorrect. For example, with respect to Kolon Corporation, the Government claims that it served the purported CEO, Nam Soo Kim. *See* D.I. 52-2 at 17; *see also* D.I. 52-1 at 3-4. But Nam Soo Kim is not the CEO of Kolon Corporation. A simple Google search reveals that Nam Soo Kim was replaced as CEO (by Kim Chang Ho), effective March 22, 2013. *See* Ex. A (http://in.reuters.com/finance/stocks/002020.KS/key-developments/article/2718276) (last visited on June 4, 2013). Mr. Kim was not the company

CEO as of the claimed service date of May 8, 2013, and there is no evidence that Mr. Kim was an officer or agent for purposes of service as of that date. *See id.*[7]

Moreover, contrary to the Government's claim, there is no evidence that Mr. Kim or Dong Moon Park (purportedly served on behalf of Kolon Industries, Inc.) were served with the Summons. The "Delivery Confirmation Notices" for Mr. Kim and Mr. Park indicate that Man Ho Kim, an "Employee of [the] General Affairs Section" signed for the delivery. D.I. 52-2 at 15 and 17. It is unclear what, if any, relationship Man Ho Kim has to Mr. Kim or Mr. Park; it is further unclear that Mr. Kim or Mr. Park received the Summons from Man Ho Kim or otherwise. Even assuming the Government did deliver the Summons to Mr. Kim and Mr. Park, that would be irrelevant because Criminal Rule 4(c)(2) does not authorize extraterritorial service of a summons.

Finally, the Government alleges that "Kolon Industries, Inc. and Kolon Corporation may have adverse interests in this criminal case," creating possible conflicts of interest in representation by the same counsel. D.I. 63 at 7. The Government puts the proverbial cart before the horse. No authority supports its position that a duty to advise regarding a potential conflict of interest would attach where, as here, personal jurisdiction has not been established and the interests of Kolon Industries, Inc. and Kolon Corporation are perfectly aligned for purposes of the present request to specially appear—the Government has failed to comply with the jurisdictional prerequisites of Criminal Rule 4 and neither is subject to the Court's jurisdiction.

---

[7] Moreover, to support Kolon's argument that the claimed service is ambiguous, the "Delivery Confirmation Notice" identifies Nam Soo Kim as a "Defendant," D.I. 52-2 at 17. Likewise, the "Delivery Confirmation Notice" also purports to identify Dong Moon Park as a "Defendant," D.I. 52-2 at 15. Neither of these individuals has been identified in the Summons as Defendants.

## III. CONCLUSION

Based on the foregoing, Kolon respectfully requests that the Court grant its Motion for Leave, as well as the Applications to Qualify as Foreign Attorneys submitted.

Respectfully submitted this 5th day of June, 2013.

By: /s/ Rhodes B. Ritenour
Rhodes B. Ritenour (VA Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

Jeff G. Randall (*pro hac vice* pending)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (*pro hac vice* pending)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

***Attorneys for Specially-Appearing Defendant Kolon Industries, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June, 2013, I electronically filed the foregoing document, entitled "REPLY IN SUPPORT OF MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC. AND APPLICATIONS OF JEFFREY G. RANDALL, KATHLEEN H. GOODHART, AND STEPHEN C. NEAL TO QUALIFY AS FOREIGN ATTORNEYS," with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below:

| | |
|---|---|
| Michael S. Dry<br>Assistant United States Attorney<br>**UNITED STATES ATTORNEY'S OFFICE**<br>600 E. Main Street, Suite 1800<br>Richmond, VA 23219<br>Telephone: (804) 819-5400<br>Facsimile: (804) 771-2316<br>michael.s.dry@usdoj.gov | Kosta Stojilkovic<br>Assistant United States Attorney<br>**UNITED STATES ATTORNEY'S OFFICE**<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (703) 299-3700<br>Facsimile: (703) 299-2584<br>kosta.stojilkovic@usdoj.gov |
| John W. Borchert<br>Special Assistant United States Attorney<br>**UNITED STATES ATTORNEY'S OFFICE**<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>Telephone: (202) 616-3108<br>Facsimile: (202) 616-3511<br>john.borchert@usdoj.gov | |

***Attorneys for the United States of America***

By: /s/ Rhodes B. Ritenour _______________
Rhodes B. Ritenour (Virginia Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

***Attorney for Specially-Appearing Defendant Kolon Industries, Inc.***