IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:12cr137-01

KOLON INDUSTRIES, INC.,
Including and through its
Successors "Kolon Industries,
Inc." and "Kolon Corporation"

## MEMORANDUM ORDER

Kolon Industries, Inc. ("Kolon") has filed a document entitled SPECIALLY-APPEARING DEFENDANT KOLON INDUSTRIES, INC.'S DRAFT STATEMENT OF FACTS REGARDING RECUSAL AND DISQUALIFICATION (Docket No. 61-2) ("Recusal Statement"), consisting of some seventeen pages. The Recusal Statement was filed as Exhibit B to the MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCES ON BEHALF OF KOLON INDUSTRIES, INC. (Docket NO. 61) ("Kolon's First Opening Brief Re: Quash") to state that "the Court has an independent obligation to assess the issue of recusal." Kolon's First Opening Brief Re: Quash, p. 2, n.3. In that footnote, Kolon said that it had filed the Recusal Statement, rather than a motion seeking recusal, to avoid any appearance that it has waived its objection to the service of the Summons and to personal jurisdiction. Id. That lengthy footnote also contained discussion of Kolon's view of the law on that point with citation of decisions.

Kolon's first motion to quash service of the summons was granted in part by a Memorandum Opinion and Order dated February 22, 2013 (Docket Nos. 44 and 45). However, the Government was permitted to effect service pursuant to a Mutual Legal Assistance Treaty ("MLAT"). After the Government had made service under the MLAT (at least according to the Government), Kolon filed a second motion to quash service of the summons. SPECIALLY-APPEARING DEFENDANT KOLON INDUSTRIES, INC.'S MOTION TO QUASH SERVICE AND TO DISMISS THE SUPERCEDING INDICTMENT (Docket No. 66). In the brief supporting that motion (Docket No. 67), Kolon stated that "if the Court declines to quash the Summons and determines that it has personal jurisdiction over Kolon, Kolon . . . will argue that the Presiding Judge should have recused himself sua sponte prior to ruling on this Motion," a position previously asserted in Kolon's First Opening Brief Re: Quash.

At the hearing on Kolon's first motions to quash, Kolon stated that, in its view, the Court should decide the recusal issue before deciding other motions. Because similar and related issues are pending in two decisions that Kolon has appealed to the Fourth Circuit, the Court has informed Kolon that, because the issues are similar and related, it intended to await the decision of the Court of Appeals. Unsatisfied, Kolon, at the recent hearing on its second motion to quash held on Thursday, July 18, 2013, pressed the view that

the Court should decide the issue presented by the Recusal Statement now.

Against this background, the Court concludes that, in Kolon's view, it has presented, in the Recusal Statement, and in the long footnote in Kolon's First Opening Brief Re: Quash, an issue that is now ready for decision. However, the United States has not yet been afforded an opportunity to address the issue that Kolon says it wants decided. However, to decide the issue without affording the Government the opportunity to be heard would be neither procedurally proper nor consistent with due process.

Therefore, and in perspective of Kolon's persistent urging for consideration of the issue presented in the Recusal Statement, the Court will consider the Recusal Statement and footnote 3 to Kolon's First Opening Brief Re: Quash as a motion for recusal[1] and will afford the United States an opportunity to be heard. Accordingly, it is hereby ORDERED that:

(1) The Court will consider the Recusal Statement (Document No. 61-2) as a Motion for Recusal and Disqualification;

(2) The United States shall file its response by August 29, 2013; or thirty (30) days after the United States Court of Appeals for the Fourth Circuit issues a decision in E.I. du Pont de Nemours and Company v. Kolon Industries, Inc., et al., Civil Action No.

---

[1] Kolon cannot file a detailed Recusal Statement, a lengthy discursive footnote, repeatedly press for consideration thereof, and, at the same time, seriously entertain the notion that it has not filed that which, for the rest of the legal world, is a motion.

3

3:09cv58, or <u>Kolon Industries, Inc. v. E.I. du Pont de Nemours and Company</u>, Civil Action No. 3:11cv622, respecting the recusal motions currently pending before the Court of Appeals, whichever shall occur last; and

(3) Kolon may file a reply fourteen (14) days after the response of the United States is filed.

If the Court desires to hear oral argument, it will so inform the parties.

It is so ORDERED.

                                      /s/          *REP*
                              Robert E. Payne
                              Senior United States District Judge

Richmond, Virginia
Date: July 24, 2013