**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v. )<br>)<br>**KOLON INDUSTRIES, INC.,** )<br>    Including and through its successors )<br>    "Kolon Industries, Inc." and "Kolon )<br>    Corporation" )<br>**JONG-HYUN CHOI,** )<br>**IN-SIK HAN,** )<br>**JU-WAN KIM,** )<br>**KYEONG-HWAN RHO,** )<br>**YOUNG-SOO SEO,** )<br>)<br>        **Defendants.** )<br>_____) | **Case No. 3:12-cr-137** |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ENTER
A LIMITED AND SPECIAL APPEARANCE AND TO RESPOND TO THE
GOVERNMENT'S PURPORTED SERVICE OF THE SUMMONS ON
<u>KOLON CORPORATION AND/OR CHIEF EXECUTIVE OFFICER CHANG-HO KIM</u>**

Jeff G. Randall (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (admitted *pro hac vice*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Rhodes B. Ritenour (VA Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

*Attorneys for Specially-Appearing Defendant
Kolon Corporation*

By this Motion for Leave, counsel for Specially-Appearing Defendant Kolon Corporation (individually, "Kolon Corporation," and together with its affiliated entities, "Kolon"), seeks leave to appear specially to brief issues related to the United States of America's (the "Government") renewed efforts to serve the summons on Kolon Corporation and/or its Chief Executive Officer, Chang-ho Kim, including the recently filed Notice of Additional Service as to Kolon Corporation.[1] *See* D.I. 98 and 98-1.

## I.     **INTRODUCTION**

The Clerk of Court issued the summons on the Superseding Indictment on March 20, 2013, D.I. 48, and subsequently, the Government argued that it effected delivery of the summons on Kolon Corporation by mailing such summons to Man Ho Kim. As this Court is aware, however, Man Ho Kim is not (and at all times relevant herein, has not been) employed by Kolon Corporation; nor has (or had) Kolon Corporation authorized him to accept delivery, by mail or otherwise, of a summons pursuant to Federal Rule of Criminal Procedure Rule ("Criminal Rule") 4 (or Korean law). *See, e.g.,* D.I. 88 at 1-2 and 5-14. Accordingly, the local court in Korea (*i.e.,* the Anyang Division of the Suwon District Court) returned the summons as undeliverable, *see* D.I. 93 and 93-1, after which Kolon's counsel inquired whether the Government would withdraw its opposition to Kolon's pending Motion to Quash Service and to Dismiss the Superseding

---

[1]     In its previous Motion for Leave, Kolon Industries, Inc. sought leave to specially appear to contest service on behalf of "any Kolon entity that the Government contends is both a party and was properly served with process in the above-captioned case . . . the Superseding Indictment is fatally ambiguous as to the named defendant(s); however, to the extent any particular Kolon entity is found to be a proper defendant, this Motion extends to each such entity." D.I. 61 at 1, n. 1. Thus, although the Court's subsequent Order (D.I. 65) granting this request may extend to further briefing to contest service as to Kolon Corporation, out of an abundance of caution, the instant Motion seeks to clarify that the right to specially appear applies to counsel appearing to brief the new service issues concerning Kolon Corporation.

Indictment (the "Motion to Quash").[2] *See* D.I. 66-67. The Government responded by requesting that the Court "not make a final determination as to the propriety of service upon Kolon Corporation at this time," and to await the Government's evaluation of how best to proceed with properly effecting service. D.I. 96 at 2.

Having apparently jettisoned its theory that mailing the summons to Man Ho Kim constituted effective service as to Kolon Corporation, on January 9, 2014, the Government filed a return of service indicating that it engaged in renewed efforts to serve Kolon Corporation—all after the Court had ordered briefing closed on Kolon's pending Motion to Quash. *See* D.I. 91 at 1-2 (ordering that the Court "will neither require nor entertain any further briefing following the filing of the United States' sur-sur-sur-reply," which was due no later than August 13, 2013). Now, the Government has notified the Court that it, once again, believes it has delivered the summons to Kolon Corporation (and its CEO, Chang-ho Kim). Where, as here, the Government seeks to establish a new factual record concerning purported service as to Kolon Corporation—despite the fact that briefing on the pending Motion to Quash has been closed since August 2013—Kolon Corporation should be granted leave to specially appear to brief the issues raised by the Government's newly-proffered delivery.

Whether by a new motion to quash or by supplemental briefing on the pending Motion to Quash, Kolon Corporation should have the opportunity to address the new facts concerning purported service upon it. At a minimum, Kolon Corporation should be permitted to identify and address any arguments from prior briefing that may be affected by those new facts, and to explain why service remains ineffective despite the Government's renewed efforts.

Thus, counsel seeks leave to specially appear on behalf of Kolon Corporation to brief

---

[2] As noted in footnote 1, *supra*, counsel for Kolon Industries represents any Kolon entity that the Government contends is a party to this action. *See* D.I. 61 at 1, n. 1.

service-related matters necessitated by the Government's renewed attempts to serve Kolon Corporation. Without the requested leave, the Court's August 8, 2013 Order, D.I. 91, would prevent Kolon Corporation from briefing significant factual and legal questions raised by the Government's new attempt to deliver the summons, including whether proper service has occurred and, by extension, whether the Court has personal jurisdiction over Kolon Corporation. To that end, Kolon Corporation respectfully requests that the Court enter the following briefing schedule in connection with this Motion:

- January 17, 2014, for the filing of Kolon Corporation's substantive motion papers;
- January 28, 2014, for the filing of the Government's response brief; and
- January 31, 2014, for the filing of Kolon Corporation's reply brief in support of its motion.

## II. PROCEDURAL BACKGROUND

On August 21, 2012, a federal grand jury returned a six-count indictment (the "Indictment") charging Kolon and five individual defendants with conspiracy to convert trade secrets, in violation of 18 U.S.C. § 1832(a)(5), theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(2), and obstruction of justice, in violation of 18 U.S.C. § 1512(c).

On October 2, 2012, the Court issued a summons ordering Kolon to appear for arraignment in the United States. After obtaining leave to specially appear to contest service of process, *see* D.I. 20, Kolon filed its original Motion to Quash. *See* D.I. 21. The Court heard argument on the Motion to Quash on February 8, 2013. Two weeks later, on February 22, 2013, the Court granted the motion in part (quashing service) and denied it in part (denying dismissal). *See United States v. Kolon Indus., Inc.*, No. 3:12-CR-137, 2013 U.S. Dist. LEXIS 24770 (E.D. Va. Feb. 22, 2013).

On March 20, 2013, the grand jury returned the Superseding Indictment, which purported to substitute as a defendant "KOLON INDUSTRIES, INC., Including and through its successors' Kolon Industries, Inc.' and 'Kolon Corporation'" for "KOLON INDUSTRIES, INC.," which was the defendant named in the original Indictment. *See*, *e.g.*, D.I. 46, caption & ¶¶ 11, 29. A summons on the Superseding Indictment issued on the same date. *See* D.I. 48.

Kolon again requested leave to specially appear to contest service under Criminal Rule 4. *See* D.I. 60-61. The Court granted the request for leave, and Kolon filed its Motion to Quash on June 5, 2013. *See* D.I. 66-67. Significantly, in its briefing on Kolon's Motion to Quash, the Government argued, specifically with respect to Kolon Corporation, that delivery of the summons (by mail) to Man Ho Kim was sufficient for purposes of Criminal Rule 4 and as a matter of Korean law. The facts and law demonstrated otherwise. *See, e.g.,* D.I. 88 at 1-2 and 5-14. Indeed, the Anyang Division of the Suwon District Court eventually returned the summons (issued to Kolon Corporation and its former CEO, Nam Soo Kim) as undeliverable, *see* D.I. 93 and 93-1, which prompted Kolon's counsel to inquire whether the Government would withdraw its opposition to the pending Motion to Quash, as to Kolon Corporation. The Government did not formally withdraw its opposition, instead requesting that the Court "not make a final determination as to the propriety of service upon Kolon Corporation at this time." D.I. 96 at 2.

On January 9, 2014, the Government notified the Court that it once again believes it has accomplished delivery of the summons on Kolon Corporation and its Chief Executive Officer, Chang-ho Kim. Specifically, the Government claims that summonses were "personally served upon an employee of Kolon Corporation … [who] accepted summonses on behalf of Kolon Corporation as well as its Chief Executive Officer."[3] D.I. 98 at 2. The Government, therefore,

---

[3] The Government claims to have delivered the summonses to Joo Hee Kim, who,

argued that the "Court is now in a position to rule on the propriety of service as to both successor defendants." *Id.*

Because Kolon Corporation has not had the opportunity to address the legal and factual issues arising from the Government's newly-proffered service theory, and because the Court's August 8, 2013 Order appears to preclude further briefing in connection with the Motion to Quash, *see* D.I. 91 at 1-2, Kolon Corporation hereby seeks leave of Court to enter a limited or special appearance to brief these matters.

### III. LEGAL ARGUMENT

#### A. The Court Should Enter an Order Authorizing Kolon Corporation's Counsel to Enter a Limited or Special Appearance.

The Court already has granted leave for counsel for Kolon Industries, Inc. to appear specially to bring a motion to contest the Government's attempted service of process. *See* D.I. 65 (defining the defendant as Kolon Industries, Inc.). For similar reasons, the Court can and should enter an order explicitly authorizing Kolon Corporation's counsel to appear specially to brief matters related to the Government's attempted new method of the service of the summons on Kolon Corporation. Courts have broad discretion to allow special appearances. *See, e.g., United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D. Va. 1992) (noting that earlier order had granted leave to make a special appearance to permit the release of assets to retain counsel); *Boyless v. United States*, 101 F.3d 702 (6th Cir. 1996) (withdrawal from criminal case proper where attorney had previously notified defendant that she would enter a limited appearance because defendant could not pay her fee); *see also Prudential Ins. Co. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (noting that "the right to specially appear in the federal court is substantial").

Where, as here, a defendant's attorneys seek leave to raise jurisdictional issues and to

---

according to the Government's translation, is the "secretary of Chang Ho KIM, CEO" and who allegedly "stipulated that all the mail is delivered through her." D.I. 98-1 at 15.

attack the service of summons, such leave is routinely granted. *See, e.g.*, *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), D.I. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (granting foreign defendant's motion to make special appearance to contest court's jurisdiction and attack sufficiency of the indictment).In light of the Court's previous Order allowing counsel for Kolon Industries, Inc. to specially appear to contest service, a similar order would be appropriate as to Kolon Corporation.

### B. Kolon Corporation is a Separate Entity and Has the Fundamental Right to Contest Jurisdiction.

There is no dispute that, with respect to Kolon Industries, Inc., the Motion to Quash has been fully briefed.[4] With respect to Kolon Corporation, however, the Government's service theory previously was premised upon the Government's mailing of the summons to Man Ho Kim, who was neither employed by nor authorized to receive service on behalf of Kolon Corporation. That issue, too, has been fully briefed. However, given the return of such summons as undeliverable (by Korean authorities), the Government engaged in additional efforts to serve Kolon Corporation—all after the conclusion of briefing on the Motion to Quash—and now claims to have accomplished delivery to Kolon Corporation through those efforts. For that reason, the Court should grant Kolon Corporation leave to brief matters related to this newly-articulated theory of delivery.

Service of process is "fundamental to any procedural imposition on a named defendant" and is a prerequisite to a court's exercise of jurisdiction over it. *See Michetti Bros. Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process . . . is fundamental

---

[4] Kolon notes that, on October 11, 2013, it filed a notice of supplemental authorities to bring to the Court's attention additional authorities that directly bear on the Court's consideration of the Motion to Quash.*See* D.I. 97, 97-1, and 97-2.

to any procedural imposition on a named defendant.").Due process requires that each defendant be given an independent opportunity to contest jurisdiction. *See Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (personal jurisdiction must be assessed separately as to each defendant; the plaintiff may not treat the defendants collectively); *Kinslow v. Pullara*, 538 F.3d 687, 692-693 (7th Cir. 2008) (dismissing claims due to plaintiff's attempt to establish jurisdiction over the defendants as a group rather than individually); *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009) (upholding district court's dismissal of corporate defendants' separate motions to dismiss for lack of jurisdiction). Moreover, Criminal Rule 4(c) specifies the method of service of a summons on an individual organization, implying that each defendant organization is a separate entity to be served. Indeed, courts have allowed each defendant to file an individual motion regarding the adequacy of service of process. *See Pollard v. D.C.,* 285 F.R.D. 125, 126 (D.D.C. 2012) ("Each Moving Defendant has filed a motion to quash proof of service . . .").

      Here, Kolon Corporation is a separate and distinct entity from Kolon Industries, Inc., and the Government has an obligation to show that it accomplished service upon Kolon Corporation pursuant to Criminal Rule 4, which requires, *inter alia*, delivery to "an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process." Fed. R. Crim. P. 4(c)(3)(C). Likewise, Kolon Corporation has the right to contest whether proper service occurred.

### C.     Factually New Methods of Service Justify Granting Kolon Corporation Leave to Brief Matters Not Previously Brought Before the Court.

      Not only should Kolon Corporation be granted leave to respond to the Government's attempted service because it is a separate and distinct entity from Kolon Industries, Inc., but the method of attempted service also introduces new facts that were not previously before the Court,

and require additional briefing.

The Government now presents an entirely new factual scenario regarding attempted service. While the Government previously attempted to serve Kolon Corporation by delivering a summons addressed to Kolon Corporation to Man Ho Kim, a Kolon Industries, Inc. mailroom employee, D.I. 76 at 1, the Government now has attempted to demonstrate proper service via delivery of the criminal summons to Ms. Joo Hee Kim, who the Government claims to be a "secretary of Chang Ho KIM, CEO," D.I. 98-1 at 15, and who purportedly "stipulated that all the mail is delivered through her."

Under the technical requirements of Criminal Rule 4, determining the adequacy of service of process is a fact intensive inquiry, including whether the summons was delivered to "an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process." *See* Fed. R. Crim. P. 4(c)(3)(C). Denying Kolon Corporation the right to examine and respond to the Government's alleged claims regarding delivery of the summons would effectively block Kolon Corporation from fully contesting this Court's jurisdiction. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

### IV. <u>CONCLUSION</u>

Based on the foregoing, Kolon Corporation respectfully requests leave to enter a limited or special appearance to brief significant factual and legal questions related to whether proper service has occurred, and, by extension, whether the Court has personal jurisdiction over Kolon Corporation. Kolon Corporation further requests that the Court enter the following briefing schedule in connection with this motion for leave:

- January 17, 2014, for the filing of Kolon Corporation's substantive motion

papers;

- January 28, 2014, for the filing of the Government's response brief; and
- January 31, 2014, for the filing of Kolon Corporation's reply brief in support of its motion.

Case 3:12-cr-00137-AJT   Document 100   Filed 01/10/14   Page 10 of 13 PageID# 3788

Respectfully submitted this 10th day of January, 2014.

        By: /s/ Rhodes B. Ritenour
Rhodes B. Ritenour (VA Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone:  (804) 916-7106
Facsimile:  (804) 916-7206
rhodes.ritenour@leclairryan.com

Jeff G. Randall (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 551-1700
Facsimile:  (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (admitted *pro hac vice*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306
Telephone:  (650) 843-5000
Facsimile:  (650) 857-0663
nealsc@cooley.com

*Attorneys for Specially-Appearing Defendant Kolon Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of January, 2014, I electronically filed the foregoing document, entitled "MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ENTER A LIMITED AND SPECIAL APPEARANCE AND TO RESPOND TO THE GOVERNMENT'S PURPORTED SERVICE OF THE SUMMONS ON KOLON CORPORATION AND/OR CHIEF EXECUTIVE OFFICER CHANG-HO KIM," with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to counsel named below:

Michael S. Dry, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
600 E. Main Street, Suite 1800
Richmond, VA  23219
Telephone:  (804) 819-5400
Facsimile:  (804) 771-2316
michael.s.dry@usdoj.gov

Kosta Stojilkovic, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-2584
kosta.stojilkovic@usdoj.com

John W. Borchert, Esq.
Trial Attorney, Fraud Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1400 New York Avenue, N.W.
Washington, DC  20530
Telephone:  (202) 514-0890
Facsimile:  (202) 616-3511
john.borchert@usdoj.gov

Rudolfo Orjales, Esq.
Senior Counsel, Computer Crime & Intellectual Property Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1301 New York Avenue, N.W.
Washington, DC  20530
Telephone:  (202) 514-1026
Facsimile:  (202) 514-6113
rudy.orjales@usdoj.gov

*Attorneys for the United States of America*

        By: /s/ Rhodes B. Ritenour_____
        Rhodes B. Ritenour (Virginia Bar No. 71406)
        **LECLAIRRYAN**
        Riverfront Plaza, East Tower
        951 East Byrd Street, Eighth Floor
        Richmond, VA 23219
        Telephone: (804) 916-7106
        Facsimile: (804) 916-7206
        rhodes.ritenour@leclairryan.com

        *Attorney for Specially-Appearing Defendant*
        *Kolon Corporation*