# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:12-cr-137-AJT |
| v. ) | |
| ) | |
| **KOLON INDUSTRIES, INC.,** ) | |
|   Including and through its successors ) | |
|   "Kolon Industries, Inc." and "Kolon ) | |
|   Corporation" ) | |
| **JONG-HYUN CHOI,** ) | |
| **IN-SIK HAN,** ) | |
| **JU-WAN KIM,** ) | |
| **KYEONG-HWAN RHO,** ) | |
| **YOUNG-SOO SEO,** ) | |
| ) | |
|         **Defendants.** ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF KOLON INDUSTRIES, INC.'S MOTION FOR LEAVE TO APPEAR SPECIALLY

Stephen C. Neal (admitted *pro hac vice*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Gretchen C. Byrd (VA Bar No. 72789)
**LeClairRyan, A Professional Corporation**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA  23219
Telephone:  (804) 783-7553
Facsimile:  (804) 783-7653
gretchen.byrd@leclairryan.com

Jeff G. Randall (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

*Attorneys for Specially-Appearing Defendant Kolon Industries, Inc.*

**I.     INTRODUCTION**

By this motion ("Motion"), counsel for Kolon Industries, Inc. ("Kolon")[1] respectfully requests that the Court grant Kolon leave to appear specially at the October 24, 2014 status conference for the limited purpose of addressing this Court's jurisdiction over Kolon and the United States of America's (the "Government") attempts at service.[2]  The Government has been informed of the intended filing of this Motion.  The Government has indicated that it does not oppose Kolon's limited appearance at the October 24, 2014 status conference and that it does not seek a hearing on Kolon's motion.

On August 14, 2014, the Government requested, and the Court issued, two new summonses to be served on Kolon entities.  *See* D.I. 136.  To Kolon's knowledge, as of the date of this filing, no attempts have yet been made to deliver those summonses to Kolon, and the Government has not represented to Kolon or to the Court that it has served either entity summoned.  Until the Government properly effects service, this Court does not have jurisdiction over Kolon.  Further, to preserve its jurisdictional arguments, Kolon cannot appear at the status conference to discuss anything other than its bases for contesting jurisdiction, including the Government's attempts at service.

Kolon's counsel respectfully requests leave to appear specially on behalf of Kolon at the October 24, 2014 status conference for the limited purpose of addressing jurisdictional issues and the Government's attempts at service.

---

[1] "Kolon" refers to Kolon Industries, Inc. and any Kolon entity that the Government contends is both a party and the subject of the Government's service efforts in the above-captioned action. The Superseding Indictment is fatally ambiguous as to the named defendant(s).

[2] On or about September 3, 2014, the Court granted Kolon's request to enter a special appearance at the September 18, 2014 status conference for the limited purpose of addressing jurisdiction and the Government's service attempts, *see* D.I. 141, and this Motion simply seeks the same relief in connection with the October 24, 2014 status conference.

1

II.     **PROCEDURAL BACKGROUND**

On August 21, 2012, a federal grand jury returned a six-count indictment (the "Indictment") charging Kolon Industries, Inc. and five individual defendants with conspiracy to convert trade secrets, in violation of 18 U.S.C. § 1832(a)(5), theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(2), and obstruction of justice, in violation of 18 U.S.C. § 1512(c).

On October 2, 2012, the Court, Judge Robert E. Payne presiding, issued a summons ordering Kolon Industries, Inc. to appear for arraignment in the United States. After the Government purported to have served Kolon through "various" means, Kolon obtained leave to appear specially to contest jurisdiction, *see* D.I. 20, and Kolon Industries, Inc. filed a motion to quash service. *See* D.I. 21. On February 22, 2013, the Court granted the motion in part and denied it in part, quashing service but denying dismissal. *See* D.I. 45.

On March 19, 2013, the grand jury returned the Superseding Indictment, D.I. 46, and a summons on the Superseding Indictment issued the following day, D.I. 48. On May 30, 2013, the Government filed a return of service indicating that it had served Kolon. D.I. 52-54. After obtaining leave to appear specially to contest jurisdiction, *see* D.I. 65, Kolon filed a new motion to quash, D.I. 66-67. On September 11, 2013, the Korean Ministry of Justice notified the Government that the Anyang Division of the Suwon District Court had returned the summons on Kolon Corporation as undeliverable. *See* D.I. 93 and 93-1. In response, the Government did not formally withdraw its opposition but instead requested that the Court "not make a final determination as to the propriety of service upon Kolon Corporation at this time." D.I. 96 at 2.

On January 9, 2014, the Government notified the Court that it once again believed it had accomplished delivery of the summons on Kolon Corporation. D.I. 98. With leave of the Court, Kolon again moved to quash the purported service on the ground that the Government had, once

again, failed to serve Kolon Corporation.  *See* D.I. 106-107.  On May 2, 2014, the Court, Judge Trenga then presiding, heard oral argument on Kolon's motions to quash, and the Court quashed service of the summonses.  *See* D.I. 131-132.

On August 14, 2014, the Government moved for the issuance of two separate summonses to (i) Kolon Industries, Inc. and (ii) Kolon Corporation.  D.I. 134.  The Court granted the Government's motion, and the summonses were issued on the same day.  The summonses set the arraignment for November 7, 2014 or, if the summonses are not served by that date, on the fourth Friday following delivery of the summonses.  D.I. 135-136.

On September 2, 2014, Kolon moved for leave to appear specially at the September 18, 2014 status conference to address the Government's service attempts and the Court's jurisdiction over Kolon.  The Court granted Kolon's motion on September 3, 2014.  D.I. 141.  At the September 18, 2014 status conference, the Government represented that it had sent the summonses to Korea and would advise the Court once it believed it had effected service on Kolon.  D.I. 142.  The Court ordered another status conference to be held on October 24, 2014 "unless notice is received from the Government that service has been effected on the corporate defendant on or before October 23, 2014."  D.I. 143.

To date, the Government has not filed a return of service, and—to the knowledge of Kolon's specially-appearing counsel—no copy of the summonses has been delivered to any Kolon entity or any agent authorized to receive service of process on Kolon's behalf.

### III.   ARGUMENT

To preserve its jurisdictional challenges to the Government's future service attempts, Kolon respectfully requests that the Court grant it leave to appear specially at the October 24, 2014 status conference for the purposes of discussing service and jurisdictional issues.

The Court has repeatedly granted leave for Kolon's counsel to appear specially to challenge the Government's attempted service of process. *See* D.I. 20, 65, 105, 141. For similar reasons, the Court can and should enter an order authorizing Kolon's counsel to appear specially at the October 24, 2014 status conference to discuss only those issues related to the Government's service attempts and this Court's jurisdiction. Courts have broad discretion to allow special appearances. *See*, *e.g.*, *United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D. Va. 1992) (noting that earlier order had granted leave to make special appearance to permit the release of assets to retain counsel); *Boyless v. United States*, 101 F. 3d 7-2 (6th Cir. 1996) (withdrawal from criminal case was proper where attorney had previously notified defendant that she would enter a limited appearance because defendant could not pay her fee); *see also Prudential Ins. Co. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (noting that "the right to specially appear in the federal court is substantial").

Where, as here, defense counsel seeks leave to raise jurisdictional issues such as deficiencies in the Government's attempts at service of a summons, such leave is routinely granted. *See*, *e.g.*, *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), D.I. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (granting foreign defendant's motion to make a special appearance to contest the court's jurisdiction and attack sufficiency of the indictment). In light of the Court's previous orders allowing Kolon to appear to contest service, a similar order to allow Kolon's counsel to appear to address jurisdictional and service issues at the status conference would be appropriate and justified.

**IV.   CONCLUSION**

For the foregoing reasons, Kolon respectfully requests leave to enter a limited or special appearance to address only the Court's questions regarding service and jurisdictional issues at the October 24, 2014 status conference.

Respectfully submitted this 16th day of October, 2014.

By: \_\_\_\_\_/s/_____
Gretchen C. Byrd (VA Bar No. 72789)
**LeClairRyan, A Professional Corporation**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA  23219
Telephone:  (804) 783-7553
Facsimile:  (804) 783-7653
gretchen.byrd@leclairryan.com

Stephen C. Neal (admitted pro hac vice)
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Jeffrey G. Randall (admitted pro hac vice)
PAUL HASTINGS  LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

*Attorneys for Specially-Appearing Defendant Kolon Industries, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October, 2014, I electronically filed the foregoing document, entitled Memorandum in Support of Kolon Industries, Inc.'s Motion for Leave to Appear Specially, with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below:

Michael S. Dry, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
600 E. Main Street, Suite 1800
Richmond, VA  23219
Telephone:  (804) 819-5400
Facsimile:  (804) 771-2316
michael.s.dry@usdoj.gov

Kosta Stojilkovic, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-2584
kosta.stojilkovic@usdoj.com

John W. Borchert, Esq.
Trial Attorney, Fraud Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1400 New York Avenue, N.W.
Washington, DC  20530
Telephone:  (202) 514-0890
Facsimile:  (202) 616-3511
john.borchert@usdoj.gov

Rudolfo Orjales, Esq.
Senior Counsel, Computer Crime & Intellectual Property Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1301 New York Avenue, N.W.
Washington, DC  20530
Telephone:  (202) 514-1026
Facsimile:  (202) 514-6113
rudy.orjales@usdoj.gov

*Attorneys for the United States of America*

By:    /s/
Gretchen C. Byrd (VA Bar No. 72789)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

*Attorneys for Specially-Appearing Defendant Kolon Industries, Inc.*

111081599