**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:12-cr-137-AJT |
| **v.** ) | |
| ) | |
| **KOLON INDUSTRIES, INC.,** ) | |
|     Including and through its successors ) | |
|     "Kolon Industries, Inc." and "Kolon ) | |
|     Corporation" ) | |
| **JONG-HYUN CHOI,** ) | |
| **IN-SIK HAN,** ) | |
| **JU-WAN KIM,** ) | |
| **KYEONG-HWAN RHO,** ) | |
| **YOUNG-SOO SEO,** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

<u>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
LEAVE TO APPEAR SPECIALLY**</u>

Jeff G. Randall (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (admitted *pro hac vice*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Gretchen C. Byrd (VA Bar No. 72789)
**LECLAIRRYAN, A PROFESSIONAL
CORPORATION**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

*Attorneys for Specially-Appearing Defendants
Kolon Industries, Inc. and Kolon Corporation*

I.  **INTRODUCTION**

By this motion ("Motion for Leave"), counsel for Kolon Industries, Inc. ("Kolon")[1] respectfully requests that the Court grant Kolon leave to appear specially for the limited purpose of contesting the United States of America's (the "Government") purported service of the summonses on Kolon. The Government has been informed of the intended filing of this Motion for Leave, and stated that it does not oppose Kolon's limited appearance and that it does not seek a hearing on Kolon's Motion for Leave.

On August 14, 2014, the Court issued, at the Government's request, two new summonses and set an arraignment for November 7, 2014. *See* D.I. 136. On November 17, 2014, the Government filed a Notice of Service of Process upon Kolon Industries, Inc. and Kolon Corporation (the "Notice of Service"), in which the Government notified the Court of its belief that it has effected service. D.I. 154. But like previous attempts, the Government's attempt to serve the summonses is irreparably defective, leaving the Court without personal jurisdiction over Kolon.

If this request to appear specially is granted, Kolon will promptly file its Motion to Quash Service of the Summonses on the Superseding Indictment and to Vacate/Reconsider the February 2013 Order (the "Motion to Quash"), attached hereto as Exhibit A, and hereby requests a hearing date of December 19, 2014. Assuming that the Court grants this Motion for Leave, the Government has agreed to file its opposition on December 8, 2014, Kolon has agreed to file its reply on December 15, 2014, and the Parties jointly request that the December 5, 2014 status conference be vacated.

---

[1] "Kolon" refers to Kolon Industries, Inc. and any Kolon entity that the Government contends is both a party and the subject of the Government's service efforts in the above-captioned action. The Superseding Indictment is fatally ambiguous as to the named defendant(s).

1

## II. PROCEDURAL BACKGROUND

On August 21, 2012, a federal grand jury returned a six-count indictment charging Kolon Industries, Inc. and five individual defendants with conspiracy to convert trade secrets, in violation of 18 U.S.C. § 1832(a)(5), theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(2), and obstruction of justice, in violation of 18 U.S.C. § 1512(c).

On October 2, 2012, the Court, Judge Robert E. Payne presiding, issued a summons ordering Kolon Industries, Inc. to appear for arraignment in the United States. After the Government purported to have served Kolon through "various" means, Kolon Industries obtained leave to appear specially to contest jurisdiction, *see* D.I. 20, and filed a motion to quash service. *See* D.I. 21. On February 22, 2013, the Court granted the motion in part and denied it in part, quashing service but denying dismissal. *See* D.I. 45 ("February 2013 Order").

On March 19, 2013, the grand jury returned the Superseding Indictment, which purports to name as a defendant "KOLON INDUSTRIES, INC., Including and through its successors 'Kolon Industries, Inc.' and 'Kolon Corporation.'" D.I. 46. A summons on the Superseding Indictment issued the following day. D.I. 48. On May 30, 2013, the Government filed a return of service indicating that it had served Kolon. D.I. 52-54. After obtaining leave to appear specially to contest jurisdiction, *see* D.I. 65, Kolon filed a new motion to quash, D.I. 66-67. On September 11, 2013, the Korean Ministry of Justice notified the Government that the Anyang Division of the Suwon District Court had returned the summons on Kolon Corporation as undeliverable. *See* D.I. 93 and 93-1. In response, the Government asked that the Court "not make a final determination as to the propriety of service upon Kolon Corporation at this time." D.I. 96 at 2.

On January 9, 2014, the Government notified the Court that it once again believed it had accomplished delivery of the summons on Kolon Corporation. D.I. 98. With leave of the Court, Kolon again moved to quash the purported service on the ground that the Government had, once again, failed to serve Kolon Corporation. *See* D.I. 106-107. On May 2, 2014, the Court, Judge Trenga then presiding, heard oral argument on Kolon's motions to quash, and the Court quashed service of the summonses. *See* D.I. 131-132.

On August 14, 2014, the Government moved for the issuance of separate summonses to (i) Kolon Industries, Inc. and (ii) Kolon Corporation. D.I. 134. The Court granted the Government's motion, and the summonses were issued on the same day. The summonses set the arraignment for November 7, 2014 or, if the summonses are not served by that date, on the fourth Friday following delivery of the summonses. D.I. 135-136.

On September 2, 2014, Kolon moved for leave to appear specially at the September 18, 2014 status conference to address the Government's service attempts and the Court's jurisdiction over Kolon. The Court granted Kolon's motion on September 3, 2014. D.I. 141. At the September 18, 2014 status conference, the Government represented that it had sent the summonses to Korea and would advise the Court once it believed it had effected service on Kolon. D.I. 142. The Court ordered another status conference to be held on October 24, 2014 "unless notice is received from the Government that service has been effected on the corporate defendant on or before October 23, 2014." D.I. 143. The Government did not notify Kolon or the Court that it had completed service by October 23, 2014, and the status conference was held as scheduled on October 24, 2014. The Court ordered another status conference on December 19, 2014. D.I. 152.

On November 7, 2014, the date of the arraignment specified in the summonses, the Government appeared and stated: "According to our latest information, we do not believe the summonses have been served yet in Korea, and I informed counsel for Kolon of that, which is why they're not here." D.I. 153. The Court then vacated all deadlines and hearings, including arraignment, and ordered another status conference on December 19, 2014. *See* Nov. 7, 2014 ECF Email Notification to Parties ("Terminated Deadlines and Hearings as to Kolon Industries, Inc. . . . Arraignment terminated"); D.I. 152 ("The Court continues this matter for a Status Conference on 12/19/2014 at 9:00 a.m.").

On November 17, 2014, the Government filed the Notice of Service, indicating that it believed it had adequately served the new summonses on Kolon pursuant to Rule 4 of the Federal Rules of Criminal Procedure and the Treaty with the Republic of Korea on Mutual Legal Assistance in Criminal Matters (the "MLAT"). D.I. 154. On November 21, 2014, this Court ordered a status conference to be held on December 5, 2014. D.I. 155.

On November 21, 2014, the Government and Kolon agreed on a briefing schedule for Kolon's motion to quash, dependent upon this Court's granting Kolon's request for leave to appear specially and hearing argument on the motion to quash on December 19, 2014, as follows: Kolon will promptly file the motion attached hereto as Exhibit A, the Government will file its opposition on December 8, 2014 before the close of business and Kolon will file its reply on December 15, 2014.

## III. ARGUMENT

The Court has repeatedly granted leave for Kolon's counsel to appear specially to challenge the Government's attempted service of process. *See* D.I. 20, 65, 105, 141. For similar reasons, the Court can and should enter an order authorizing Kolon's counsel to appear specially

4

to file the Motion to Quash and to challenge the Government's service attempts and this Court's jurisdiction.

Courts have broad discretion to allow special appearances. *See*, *e.g.*, *United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D. Va. 1992) (noting that earlier order had granted leave to make special appearance to permit the release of assets to retain counsel); *Boyless v. United States*, 101 F. 3d 702 (6th Cir. 1996) (withdrawal from criminal case was proper where attorney had previously notified defendant that she would enter a limited appearance because defendant could not pay her fee); *see also Prudential Ins. Co. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (noting that "the right to specially appear in the federal court is substantial").

Leave is routinely granted where, as here, defense counsel seeks leave to raise jurisdictional issues such as deficiencies in the Government's attempts at service of a summons. *See*, *e.g.*, *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), D.I. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (granting foreign defendant's motion to make a special appearance to contest the court's jurisdiction and attack sufficiency of the indictment). In light of the Court's previous orders allowing Kolon to appear to contest service, a similar order to allow Kolon's counsel to appear for purposes of filing the Motion to Quash and addressing jurisdictional and service issues would be appropriate and justified.

If allowed to appear specially, Kolon's attorneys will file the brief and declarations attached as Exhibit A to this Motion for Leave, which sets forth the irredeemable deficiencies in the Government's purported service of the summonses on Kolon.

5

*First*, notwithstanding the purported service of the summonses in Korea through the MLAT, Kolon has not been served "within the jurisdiction of the United States," as required for effective service under Rule 4. Fed. R. Crim. P. 4(c)(2).

*Second*, Kolon has not been served because the Government has not mailed a copy of the summonses to its "last known address within the district or to its principal place of business elsewhere in the United States." Fed. R. Crim. P. 4(c)(3)(C), 9(c)(1)(A). Indeed, the Government cannot do so because Kolon has no last known address in the Eastern District of Virginia and no principal place of business in the United States.

*Third*, even if Kolon could be served through the MLAT, the most recent service attempt fails because, as with the last service attempt, Korean officials failed to execute service in the manner requested by the Government, as the MLAT requires. As before, this defect is fatal.

*Fourth***,** the most recent service attempt is defective because the Government returned the summonses to the Court *after* the date on the summonses had passed, rendering the notice ineffective. *See* Fed. R. Crim. P. 4(c)(4)(B) (requiring that a summons be returned "on or before" the return date).

*Fifth***,** the Government failed to deliver the summonses to Kolon corporate officers, and instead delivered the summons to secretarial staff, who are not Kolon officers, agents, or persons "appointed or legally authorized to receive service of process." *See* Fed. R. Crim. P. 4(c)(3)(C).

*Sixth***,** to the extent the Court believes that Judge Payne may already have decided Kolon's arguments under the MLAT and Rule 4, compelling reasons exist to consider these issues *de novo*. Most importantly, as discussed in Kolon's Motion to Quash, the record shows that Judge Payne himself intended to revisit the February 2013 Order. Additionally, since the February 2013 Order, yet another judicial opinion has affirmed that Rule 4(c)(3)(C)'s mailing

requirement is a mandatory prerequisite to service of a criminal summons on an organization, *see United States v. Pangang Group Co., Ltd.*, No. 3:11-cr-00573-JSW (N.D. Cal. Apr. 8, 2013), and the Criminal Rules Advisory Committee has published for public comment its proposed amendments to Rule 4, intended to eliminate the very limitations on service that render the Government's efforts ineffective here. Further, the February 2013 Order should be vacated because Judge Payne entered it while under a duty to recuse himself from this matter before issuing the February 2013 Order, given his former law firm's representation of E.I. du Pont de Nemours & Company ("DuPont"), the alleged victim here.

*Finally*, the new summonses must be quashed for failure to comply with Rules 4(b)(1) and 9(b)(1)-(2), which require that a defendant be named with reasonable certainty. For the reasons discussed in Kolon's Motion to Quash, this defect also renders service of the summonses invalid.

## IV.    CONCLUSION

To present these and other arguments challenging service of the summonses, Kolon's counsel respectfully requests that the Court grant this Motion for Leave and enter the schedule for briefing and hearing on Kolon's Motion to Quash agreed upon by the Government and Kolon, dependent upon the Court granting this Motion:

- Upon granting this motion, Kolon will promptly file the Motion to Quash attached hereto as Exhibit A.
- Monday, December 8, 2014 – Government's Opposition
- Monday, December 15, 2014 – Kolon's Reply
- Friday, December 19, 2014 – Hearing on Kolon's Motion to Quash

In light of the foregoing and in the event the Court grants this Motion, the Government and

Kolon further jointly request that the Court vacate the December 5, 2014 status conference.

Respectfully submitted this 24th day of November, 2014.

By:    /s/ Gretchen C. Byrd
Gretchen C. Byrd (VA Bar No. 72789)
**LECLAIRRYAN, A PROFESSIONAL CORPORATION**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

Jeff G. Randall (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (admitted *pro hac vice*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

*Attorneys for Specially-Appearing Defendants*
*Kolon Industries, Inc. and Kolon Corporation*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 24th day of November, 2014, I electronically filed the foregoing document, entitled DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO APPEAR SPECIALLY, with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below:

Michael S. Dry, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
600 E. Main Street, Suite 1800
Richmond, VA  23219
Telephone:  (804) 819-5400
Facsimile:  (804) 771-2316
michael.s.dry@usdoj.gov

Kosta Stojilkovic, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-2584
kosta.stojilkovic@usdoj.com

John W. Borchert, Esq.
Trial Attorney, Fraud Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1400 New York Avenue, N.W.
Washington, DC  20530
Telephone:  (202) 514-0890
Facsimile:  (202) 616-3511
john.borchert@usdoj.gov

Rudolfo Orjales, Esq.
Senior Counsel, Computer Crime & Intellectual Property Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1301 New York Avenue, N.W.
Washington, DC  20530
Telephone:  (202) 514-1026
Facsimile:  (202) 514-6113
rudy.orjales@usdoj.gov

*Attorneys for the United States of America*

By:    /s/ Gretchen C. Byrd
Gretchen C. Byrd (VA Bar No. 72789)
**LECLAIRRYAN, A PROFESSIONAL CORPORATION**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA  23219
Telephone:  (804) 783-7553
Facsimile:  (804) 783-7653
gretchen.byrd@leclairryan.com

*Attorneys for Specially-Appearing Defendants*
*Kolon Industries, Inc. and Kolon Corporation*

10