# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA**        ) | |
| ) | Case No. 3:12-cr-137-AJT |
| **v.**        ) | |
| ) | |
| **KOLON INDUSTRIES, INC.,**        ) | |
| Including and through its successors        ) | |
| "Kolon Industries, Inc." and "Kolon        ) | |
| Corporation"        ) | |
| **JONG-HYUN CHOI,**        ) | |
| **IN-SIK HAN,**        ) | |
| **JU-WAN KIM,**        ) | |
| **KYEONG-HWAN RHO,**        ) | |
| **YOUNG-SOO SEO,**        ) | |
| ) | |
| **Defendants.**        ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF KOLON'S MOTION FOR LEAVE TO APPEAR SPECIALLY

Stephen C. Neal (admitted *pro hac vice*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Gretchen C. Byrd (VA Bar No. 72789)
**LeClairRyan, A Professional Corporation**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

Jeff G. Randall (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

*Attorneys for Specially-Appearing Defendants*
*Kolon Industries, Inc. and Kolon Corporation*

I.  **INTRODUCTION**

By this motion ("Motion"), counsel for Kolon[1] respectfully requests leave of the Court to appear specially for the limited purpose of responding in writing to the issues raised by the Court in its December 1, 2014 order, which relate to Kolon's jurisdictional challenge in the case.[2] The United States of America (the "Government") has been informed of the intended filing of this Motion and has indicated that it does not oppose, and will not seek hearing on, the Motion.

In its December 1, 2014 order denying the parties' joint request to vacate the status conference scheduled for December 5, 2014, the Court noted its need for "additional information concerning, *inter alia*, whether the Court should consider any jurisdictional challenges before or after Kolon's arraignment, including the procedural effect of Kolon's failure to appear for the arraignment scheduled on November 7, 2014, and whether any additional process will be necessary to conduct an arraignment, should the Court reject any jurisdictional challenges …." D.I. 159. The Court further ordered that "counsel for Kolon Industries, Inc. and Kolon Corporation is granted leave to appear specially at the status conference on December 5, 2014 for the limited purpose of responding to the Court's inquiries." *Id.* The Government filed its Position of the United States on Issues Identified in the Court's Order of December 1, 2014 ("Government's Position") on December 4, 2014. D.I. 160.

Although the Court has already granted Kolon leave to appear at the December 5, 2014 status conference, *see id.*, Kolon seeks further leave to appear specially to respond to the Court's

---

[1] "Kolon" refers to Kolon Industries, Inc., Kolon Corporation and any Kolon entity that the Government contends is both a party and the subject of the Government's service efforts in the above-captioned action. The Superseding Indictment is fatally ambiguous as to the named defendant(s).

[2] Kolon continues to contend that service was not proper and that, until the Government properly effects service, this Court does not have jurisdiction over Kolon. To preserve its jurisdictional arguments, Kolon's appearance and submission will be limited to the Court's personal jurisdiction.

1

inquiries, and the Government's Position in writing in advance of the status conference (at which its counsel will also be present). The written responses will allow Kolon to explain to the Court some of the proceedings that occurred before the prior district judge that are relevant to the Court's queries, as well as set forth the governing law. The proposed submission is attached as Exhibit A to this Memorandum.

## II.     PROCEDURAL DEVELOPMENTS

On August 14, 2014, after previous attempts at service had been quashed, the Government moved for the issuance of two separate summonses to (i) Kolon Industries, Inc. and (ii) Kolon Corporation. D.I. 134. The Court granted the Government's motion, and the summonses were issued on the same day. The summonses set the arraignment for November 7, 2014 or, if the summonses are not served by that date, on the fourth Friday following delivery of the summonses. D.I. 135-136.

On November 7, 2014, the Court held a status conference at which the Government informed the Court that the summonses had not yet been served. On November 17, 2014, the Government filed a Notice of Service of Process with the Court, stating that the United States had been informed that both Kolon Industries, Inc. and Kolon Corporation had been served with the summonses and the superseding indictment on October 20, 2014, pursuant to the Government's MLAT request to the Republic of Korea. D.I. 154. On November 21, 2014, the Court ordered a status conference to be held on December 5, 2014. D.I. 155.

On November 24, 2014, Kolon requested leave to appear specially to file a motion to quash the purported service of the summonses, and proposed a stipulated briefing and hearing schedule for the motion to quash. D.I. 156-157. In light of the proposed schedule, the parties requested that the Court vacate the December 5, 2014 status conference. D.I. 157.

The Court denied the parties' joint motion to vacate the status conference scheduled for December 5, 2014, indicating that the conference will allow the Court to receive "additional information concerning, *inter alia*, whether the Court should consider any jurisdictional challenges before or after Kolon's arraignment, including the procedural effect of Kolon's failure to appear for the arraignment scheduled on November 7, 2014, and whether any additional process will be necessary to conduct an arraignment, should the Court reject any jurisdictional challenges …." D.I. 159 at 2. The Court further ordered that "counsel for Kolon Industries, Inc. and Kolon Corporation is granted leave to appear specially at the status conference on December 5, 2014 for the limited purpose of responding to the Court's inquiries." *Id.*

## III.  ARGUMENT

To preserve its jurisdictional challenges to the Government's future service attempts, Kolon respectfully requests that the Court grant it leave to appear specially to submit written responses to the Court's queries related to its jurisdictional challenge, as set forth in its Order of December 1, 2014.

The Court has repeatedly granted leave for Kolon's counsel to appear specially to challenge the Government's attempted service of process and the Court's personal jurisdiction. See D.I. 20, 65, 105, 141, 159. For similar reasons, the Court can and should enter an order authorizing Kolon to appear specially to file a written response to the Court's queries in the December 1, 2014 Order, which relate to Kolon's jurisdictional challenge.

Courts have broad discretion to allow special appearances. *See, e.g.*, *United States v. Swank Corp.*, 797 F. Supp. 497, 499 (E.D. Va. 1992) (noting that earlier order had granted leave to make special appearance to permit the release of assets to retain counsel); *Boyless v. United States*, 101 F. 3d 7-2 (6th Cir. 1996) (withdrawal from criminal case was proper where attorney had previously notified defendant that she would enter a limited appearance because defendant

3

could not pay her fee); *see also Prudential Ins. Co. v. McKee*, 81 F.2d 508, 511 (4th Cir. 1936) (noting that "the right to specially appear in the federal court is substantial").

Where, as here, defense counsel seeks leave to raise issues related to a lack of personal jurisdiction, such leave is routinely granted. *See, e.g.*, *United States v. Dotcom*, No. 12-cr-00003 (E.D. Va. Oct. 5, 2012), D.I. 127 (granting foreign defendant leave to enter limited appearance to move to dismiss indictment for lack of personal jurisdiction); *United States v. Noriega*, 683 F. Supp. 1373, 1374 (S.D. Fla. 1988) (granting foreign defendant's motion to make a special appearance to contest the court's jurisdiction and attack sufficiency of the indictment). In light of the Court's previous orders allowing Kolon to appear to contest service, and to appear specially at the December 5, 2014 status conference for the limited purpose of answering the queries set forth in the December 1, 2014 order, Kolon respectfully requests a similar order granting Kolon's counsel leave to appear specially to submit written responses to the questions raised in the Court's order.

## IV. CONCLUSION

For the foregoing reasons, Kolon respectfully requests leave to enter a special appearance for the limited purpose of submitting written responses to address the Court's questions raised in its December 1, 2014 order, which are attached as Exhibit A to this Memorandum.

Respectfully submitted this 4th day of December, 2014.

          By: /s/ Gretchen C. Byrd
          Gretchen C. Byrd (VA Bar No. 72789)
          **LeClairRyan, A Professional Corporation**
          Riverfront Plaza, East Tower
          951 East Byrd Street, Eighth Floor
          Richmond, VA 23219
          Telephone: (804) 783-7553
          Facsimile: (804) 783-7653
          gretchen.byrd@leclairryan.com

Stephen C. Neal (admitted pro hac vice)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Jeffrey G. Randall (admitted pro hac vice)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

***Attorneys for Specially-Appearing Defendants
Kolon Industries, Inc. and Kolon Corporation***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of December, 2014, I electronically filed the foregoing document, entitled Memorandum of Law in Support of Kolon's Motion for Leave to Appear Specially, with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below:

Michael S. Dry, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
600 E. Main Street, Suite 1800
Richmond, VA 23219
Telephone: (804) 819-5400
Facsimile: (804)771-2316
michael.s.dry@usdoj.gov

Kosta Stojilkovic, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-2584
kosta.stojilkovic@usdoj.com

John W. Borchert, Esq.
Trial Attorney, Fraud Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1400 New York Avenue, N.W.
Washington, DC 20530
Telephone: (202) 514-0890
Facsimile: (202) 616-3511
john.borchert@usdoj.gov

Rudolfo Orjales, Esq.
Senior Counsel, Computer Crime & Intellectual Property Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1301 New York Avenue, N.W.
Washington, DC 20530
Telephone: (202) 514-1026
Facsimile: (202) 514-6113
rudy.orjales@usdo.gov

*Attorneys for the United States of America*

By: /s/ Gretchen C. Byrd
Gretchen C. Byrd (VA Bar No. 72789)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

*Attorneys for Specially-Appearing Defendants*
*Kolon Industries, Inc. and Kolon Corporation*