IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:12-CR-137-AJT |
| v. | ) | |
| | ) | |
| KOLON INDUSTRIES, INC., | ) | |
|     Including and through its | ) | |
|     successors "Kolon Industries, Inc." | ) | |
|     and "Kolon Corporation" | ) | |
| JONG-HYUN CHOI, | ) | |
| IN-SIK HAN, | ) | |
| JU-WAN KIM, | ) | |
| KYEONG-HWAN RHO, | ) | |
| YOUNG-SOO SEO, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**RESPONSE OF THE UNITED STATES TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SPECIAL APPEARANCE AND PROPOSED MOTION TO CONTINUE THE ARRAIGNMENT DATE**

The United States hereby submits its response to the motion of Kolon Industries, Inc. and Kolon Corporation (hereinafter "defendants") for leave to appear specially, Dkt. No. 180, and proposed motion to continue the arraignment date, Dkt. No. 180-1. The United States does not oppose defendants' motion to appear specially. However, for the reasons stated herein, the United States opposes defendants' proposed motion to continue the arraignment date.

**Background**

On December 23, 2014, this Court denied motions to quash service upon defendants and ordered them to appear for arraignment on January 6, 2015. Dkt. No. 173. On December 24, 2014, defendants moved this Court to continue the arraignment date, or in the alternative, to stay the criminal case, so they could seek a writ of mandamus to reverse the service order. Dkt. No.

174. The government opposed staying the criminal case, but did not oppose a brief continuance of the arraignment date. Dkt. No. 175. This Court denied the stay motion, but continued the arraignment date to February 19, 2015. Dkt. No. 177.

On December 30, 2014, defendants moved to specially appear before the Fourth Circuit, and filed a petition for mandamus. The government deferred to the Fourth Circuit on whether to grant defendants a special appearance in the mandamus proceeding. The Fourth Circuit has yet to rule on defendants' motion for a special appearance.

Defendants' mandamus petition consisted of a 30-page filing, *see* Dkt. No. 180-2, as well as 1,237 pages of exhibits. On January 8, 2015, the Fourth Circuit ordered the government to file a response to the petition, *see* Dkt. No. 180-3, which the government did on January 20, 2014, *see* Dkt. No. 180-4.

Under the appellate rules, the petition and the response are the only filings required to dispose of most mandamus petitions. Federal Rule of Appellate Procedure 21 provides, in pertinent part:

> (1) The court may deny the petition without an answer. Otherwise, it must order the respondent, if any, to answer within a fixed time.
> . . .
> (5) If briefing or oral argument is required, the clerk must advise the parties, and when appropriate, the trial-court judge or amicus curiae.

Fed. R. App. P. 21(b). Local Appellate Rule 21 provides, in pertinent part, "*[a]fter an answer has been filed, the Court ordinarily will decide the merits of the petition on the materials submitted without oral argument. Occasionally, however, briefs may be requested and the matter set for oral argument.*" Local Appellate Rule 21(b) (emphasis added). In this case, the Fourth Circuit has not ordered any additional briefing or oral argument on defendants' petition for mandamus.

Despite the volume of their mandamus petition and exhibits, on January 26, 2015, defendants moved the Fourth Circuit for leave to file a 15-page reply brief in further support of their petition. *See* Dkt. No. 180-5. The government opposed defendants' motion on the grounds that it was inconsistent with the briefing rules for mandamus petitions. *See* Dkt. No. 180-6. The Fourth Circuit has yet to rule on defendants' motion to file a reply brief.

**Analysis**

The decision whether to continue the arraignment date is entrusted to the discretion of this Court. *See, e.g.*, *Neufeld v. United States*, 118 F.2d 375, 380 (D.C. Cir. 1941). Here, the Court should deny defendants' request because there is no reason to believe that the Fourth Circuit cannot adjudicate the pending mandamus petition by February 19, 2015, much less that it is inclined to grant the petition.

At the outset, it should be noted that a mandamus petition does not divest the District Court of jurisdiction over a case. *See, e.g.*, Wright & Miller, 16 Federal Practice & Procedure § 3932.1 (3d ed.) ("Because it is not an appeal, a petition for an extraordinary writ does not transfer the case to the court of appeals and does not oust the district-court's jurisdiction to carry on with its own proceedings.") (citing *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007)). Accordingly, the mere possibility that the Fourth Circuit may take longer than February 19, 2015, to dispose of the mandamus petition is not, in and of itself, a compelling basis for continuing the arraignment date.

Moreover, that the government did not oppose defendants' request to continue the original arraignment date of January 6, 2015, is not dispositive of the current motion. The original arraignment date was a mere two weeks after the date this Court found defendants served, and a mere week after defendants filed their petition for mandamus. Even under the most

compressed of schedules, it would have been difficult for the Fourth Circuit to digest defendants' substantial filings and order and review a response from the government during this brief period of time, particularly since it coincided with the holiday season. Now, by contrast, the defendants have filed their petition and ample supporting materials, and the government filed its response on January 20, 2015, almost a full month prior to the current appearance date. The appellate rules mandate that mandamus matters be handled expeditiously and be given preference over ordinary civil cases. *See, e.g.*, Fed. R. App. P. 21(b)(6). There is no reason to conclude that the Fourth Circuit will have insufficient time to rule on the matter before the scheduled arraignment.

Defendants base their request for a continuance on the four-factor test for the issuance of stays pending appeal. Dkt. No. 180-1 at 7-12. Given that defendants seek a continuance of the arraignment date rather than a stay of the criminal case, the stay factors do not apply as a matter of law. Nonetheless, to the extent this Court finds the stay factors pertinent to the exercise of its discretion, the government submits that the factors argue *against* continuing the arraignment date.

First, defendants fail to show any reasonable likelihood of success on the merits. Defendants rely on *Microstrategy, Inc. v. Business Objects, S.A.*, 661 F. Supp. 2d 548, 599 (E.D. Va. 2009) for the proposition that this factor is satisfied wherever the movant intends to present a substantial question on appeal. See Dkt. No. 180-1 at 7. But *Microstrategy, Inc.* involved a stay pending appeal of a final order dissolving a permanent injunction, not a stay pending a petition for a writ of mandamus to review a non-final order. *See* 2:01-cv-826-JBF at Dkt. Nos. 418, 477, 481. Unlike appeals as of right, mandamus will only be granted in "exceptional circumstances amounting to judicial 'usurpation of power.'" *Will v. United States*, 389 U.S. 90, 95 (1967) (citation omitted).

> In order to preserve the extraordinary nature of the remedy, the Supreme Court has set forth two conditions that must be satisfied as a predicate to mandamus jurisdiction. First, 'the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires.' Second, the petitioner bears 'the burden of showing that [his] right to issuance of the writ is clear and indisputable.'

*United States v. Moussaoui*, 333 F.3d 509, 516-17 (4th Cir. 2003) (citations omitted).

Here, defendants have failed to establish a substantial likelihood of persuading the Fourth Circuit that this Court's order amounts to a judicial usurpation of power, in violation of a clear and indisputable right for which defendants have no other adequate means to obtain relief. As this Court is well aware, its order on service affirmed an earlier ruling by Judge Payne on the permissibility of MLAT service—a ruling which is supported by judicial pronouncements in other cases involving foreign corporate defendants, and is not squarely contradicted by any authority defendants have identified to date.

Defendants base their claim of having raised a substantial legal question almost entirely on the fact that the Fourth Circuit ordered the government to respond to their mandamus petition. *See* Dkt. No.180-1 at 8 ("the Fourth Circuit's request for a response indicates that Kolon's petition raises a substantial legal question"). This is mere speculation; any number of reasons could have prompted the Fourth Circuit to request a response. And the Fourth Circuit has not ordered additional briefing or oral argument on the petition, which would seem to cut against defendants' reading of the tea leaves. The Fourth Circuit's actions to date fail to demonstrate anything in particular about its views of defendants' petition, much less show a likelihood of their success on the merits.

Second, defendants also fail to make a compelling showing that they will suffer irreparable injury absent a continuance. To the extent the Fourth Circuit decides the mandamus petition by February 19, defendants cannot claim to have been injured at all. Even in the event

5

that the Fourth Circuit fails to act by February 19, there is no reason to find irreparable injury to defendants. They already have been charged in a public indictment, and there is no reason to conclude that their appearance at the upcoming arraignment will have any additional marginal impact on their public standing. Moreover, defendants will not be tried on February 19, but merely will be expected to appear and be arraigned. Since defendants themselves concede that the Fourth Circuit is likely to rule on their mandamus petition shortly, *see, e.g.* Dkt. No. 180-1 at 11 ("it is likely that the Fourth Circuit will soon rule on Kolon's motion"), the injury caused by their appearance is speculative at best.

Third, defendants improperly discount prejudice to others from a continuance. Defendants attempt to shift the blame to the government, claiming that "DOJ itself is responsible for nearly *seven* years of delays in the proceedings." Dkt. No. 180-10 (emphasis in original). Defendants know full well that their claim is not accurate. Without revisiting the entire case history, the government rests on the following factual observations, all of which the government can substantiate with written documentation if this Court were to request such a showing:

(1) Defendants unsuccessfully sought to quash grand jury subpoenas before the District Court and the Fourth Circuit; the time it took to resolve these matters meant that the government received critical evidence in this case substantially later than the plaintiffs did in the civil case;

(2) Defendants and the government engaged in negotiations following the civil trial, and even entered into an agreement tolling the statute of limitations so that they could further pursue such negotiations;

(3) Defendants' motions to quash service have all entailed substantial briefing and argument, and some were not decided for a period of months;

6

      (4) Following the second quashed service, defendants asked the government to consider a standstill agreement the criminal case.[1]

As this Court is well aware, other delays in the case development were due to service efforts by Korean authorities that this Court deemed insufficient, and to the necessity of presenting a superseding indictment in light of a corporate reorganization that defendants effected after the criminal conduct alleged in this case.

      The defendants also are wrong to equate the third stay factor with the equities to the government alone. Other parties are affected by the pending criminal case, including victims (both the civil plaintiff and another company that was unsuccessfully targeted by the defendants, according to the allegations in the indictment), witnesses who may be called to testify, and a co-defendant, Edward Schulz, who is cooperating against the defendants and is currently awaiting sentencing by this Court. All these parties are harmed by needless delays in the defendants' appearance and the commencement proper of the criminal case.

      Finally, defendants fail to properly assess the public interest. *See* Dkt. No. 180-1 at 12 (arguing that the public interests argues against proceeding with "discovery, pre-trial motions, and potentially a lengthy trial" under the cloud of a pending mandamus petition). As defendants themselves concede, "it is likely that the Fourth Circuit will soon rule on Kolon's motion." *Id*. at 11. Therefore, it is highly unlikely that holding arraignment will lead to a situation where the defendants are subjected to extensive pre-trial practice, and trial itself, while their mandamus petition is pending.

---

[1] The government does not suggest that defendants acted improperly in seeking judicial relief at various stages of the case (whether successfully or unsuccessfully), nor does it fault them for engaging with the government on certain matters. But the case history demonstrably refutes defendants' claim that the present status of the criminal case is due to dilatory tactics by the government.

7

If the circumstances were to change—for instance, if the Fourth Circuit were to set the matter for oral argument and order additional briefing on a schedule that is not compatible with the orderly continuation of criminal proceedings before the District Court—defendants could seek to delay District Court proceedings at such time. The government would reconsider its opposition under such circumstances. At present, the government submits that defendants have failed to offer a compelling reason for continuing their appearance date.

Respectfully submitted,

Dana J. Boente
United States Attorney

/s/
Kosta S. Stojilkovic
Matthew Burke
Assistant United States Attorneys
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3981 (fax)
kosta.stojilkovic@usdoj.gov
matthew.burke@usdoj.gov

William Stellmach
Chief, Fraud Section

/s/
John W. Borchert
Trial Attorney, Fraud Section
Criminal Division, Department of Justice
1400 New York Avenue, N.W.
Washington, DC 20530
(202) 616-3108
(202) 514-7021 (fax)
john.borchert@usdoj.gov

John Lynch
Chief, Computer Crime & Intellectual Property Section

8

                                                /s/
                                    Rudolfo Orjales
Senior Counsel, Computer Crime & Intellectual Property Section
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, DC  20530
(202) 514-1026
(202) 514-6113 (fax)
rudy.orjales@usdoj.gov

Dated: February 11, 2015

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of filing (NEF) to all counsel of record.

By:     /s/
Kosta S. Stojilkovic
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700