**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Case No. 3:12-cr-137-AJT** |
| **v.** | ) | |
| | ) | |
| **KOLON INDUSTRIES, INC.,** | ) | |
|     Including and through its successors | ) | |
|     "Kolon Industries, Inc." and "Kolon | ) | |
|     Corporation" | ) | |
| **JONG-HYUN CHOI,** | ) | |
| **IN-SIK HAN,** | ) | |
| **JU-WAN KIM,** | ) | |
| **KYEONG-HWAN RHO,** | ) | |
| **YOUNG-SOO SEO,** | ) | |
| | ) | |
|         **Defendants.** | ) | |
| | ) | |

_____

<u>**MEMORANDUM OF LAW IN SUPPORT OF SPECIALLY APPEARING**</u>
<u>**DEFENDANTS' MOTION TO CONTINUE THE ARRAIGNMENT DATE**</u>

Jeff G. Randall (admitted *pro hac vice*)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (admitted *pro hac vice*)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

Gretchen C. Byrd (VA Bar No. 72789)
**LeClairRyan, A Professional Corporation**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

*Attorneys for Specially-Appearing Defendants*
*Kolon Industries, Inc. and Kolon Corporation*

I.      **INTRODUCTION**

By this motion ("Motion"), Specially Appearing Defendants Kolon Corporation and

Kolon Industries, Inc. (collectively, "Kolon") respectfully request that the Court continue the

arraignment date currently scheduled for February 19, 2015, in light of the pending petition for

writ of mandamus before the United States Court of Appeals for the Fourth Circuit.[1]

As this Court is aware, Kolon filed an unopposed motion to continue the arraignment

previously scheduled for January 6, 2015, in order to allow time for the Fourth Circuit to

consider and act upon Kolon's intended petition for writ of mandamus.  This Court granted

Kolon's motion, and continued the arraignment until February 19, 2015.   Kolon filed its petition

for writ of mandamus on December 30, 2014.   Thereafter, the Fourth Circuit sought a response

to the petition by the Government.  The Government filed its response to the petition on January

20, 2015, and stated in its response that the arraignment date had been set for February 19, 2015.

Kolon then sought leave to file a reply, and provided its reply with that request, on January 26,

2015.  The Fourth Circuit has not declined Kolon's request to file a reply, nor has it yet granted

or denied Kolon's petition for writ of mandamus.

The justifications that led this Court to grant (and the Government to previously agree to)

a brief continuance in late December remain present today, and are even more compelling in

light of the Fourth Circuit's request for a response from the Government to Kolon's petition.

Indeed, the Fourth Circuit's request for a response indicates that Kolon's petition raises a

substantial legal question.  *See, e.g., Microstrategy, Inc. v. Bus. Objects, S.A.*, 661 F. Supp. 2d

548, 559 (E.D. Va. 2009).   Proceeding to arraignment and trial without definitive appellate

---

[1] Kolon continues to contend that service was not proper and that, until the Government properly
effects service, this Court does not have jurisdiction over Kolon. To preserve its jurisdictional
arguments, Kolon's appearance and submission is limited to issues pertaining to the Court's
personal jurisdiction.

guidance on whether the Court is properly exercising jurisdiction over Kolon would not only waste juridical and prosecutorial resources, but would expose Kolon to significant undue prejudice and reputational and financial injury.  The negative publicity that would surround the commencement of the criminal proceedings could alienate Kolon from its customers and business partners, and Kolon would incur significant expense preparing for and appearing at the arraignment, preparing and filing a number of pretrial motions, and pursuing discovery to ensure an effective defense.

By contrast, the Government cannot legitimately claim that a modest delay pending action from the Fourth Circuit on these important jurisdictional questions prejudices its case in any way.  The Government has been aware of the alleged facts set forth in the indictment of Kolon since 2007, yet the Government took no action until the August 21, 2012 indictment, nearly a year after the jury verdict in the parallel civil trial.  Then the Government moved with a speed that the prior presiding judge found to be "appalling," *see* D.I. 42 at 61:10-13, and which caused the first summons to lose efficacy, D.I. 44 at 57.  After the Court first quashed service of the summons, the Government took nearly a year to re-serve Kolon and to file a return of service.  After this Court then quashed the renewed summons on May 2, 2014, the Government took over three months to obtain new summonses, and did not file a proof of service until more than seven months had passed since the Court quashed service.  As required by Local Criminal Rule 47(E), Kolon's counsel conferred with counsel for the Government prior to filing this Motion, and the Government indicated that it intends to oppose this Motion.

Kolon respectfully seeks prompt consideration of its request for issuance of an order continuing the arraignment date in light of the upcoming court holiday, and, in the event the

request for continuance is denied, to allow time for Kolon to seek an emergency stay from the Fourth Circuit.

## II.  <u>BACKGROUND</u>

As this Court is familiar with the procedural background, and with its Order (D.I. 173) that is the basis for Kolon's pending petition for writ of mandamus, Kolon recites only the essential facts here.  On August 21, 2012, the Government filed an original indictment and thereafter purported to serve Kolon through various means, including by delivery to Kolon's headquarters in South Korea.  On December 21, 2012, Kolon appeared specially and moved to quash service of the summons.  *See* D.I. 21 (the "First Motion to Quash").  On February 22, 2013, the Court (Hon. Robert E. Payne) quashed service of the summons as untimely because the summons had been delivered after the scheduled arraignment date.  D.I. 44 at 58-59.  The Court, however, rejected Kolon's arguments that Federal Rule of Criminal Procedure 4(c)(2) did not authorize service of a criminal summons on Kolon in Korea and that the U.S.-Korea Treaty on Mutual Legal Assistance in Criminal Matters (the "MLAT") could not supply a replacement authorization for such service.  *See id.* at 8-17.  The Court then directed the Government to request a new summons and "effectuate delivery in South Korea under the [MLAT]."  *Id.* at 58-59.

The Government filed a Superseding Indictment on March 19, 2013, purporting to substitute as a defendant "KOLON INDUSTRIES, INC., Including and through its successors 'Kolon Industries, Inc.' and 'Kolon Corporation'" for the defendant named in the original indictment – "KOLON INDUSTRIES, INC."  *See, e.g.*, D.I. 46, caption & ¶¶ 11, 28.  A summons on the Superseding Indictment issued the following day.  *See* D.I. 48.  On June 5, 2013, Kolon again appeared specially and moved to quash service and to dismiss the Superseding Indictment. *See* D.I. 66-67 (the "Second Motion to Quash").

3

On approximately September 11, 2013, a Korean court returned the summons directed to Kolon Corporation as undeliverable. *See* D.I. 93 and 93-1. The Government thereafter requested that the Court defer making a determination with respect to service upon Kolon Corporation. D.I. 96 at 2. On January 9, 2014, the Government filed a return of service reflecting a renewed effort to serve Kolon Corporation. D.I. 98. With leave of the Court, Kolon again moved to quash the purported service (the "Third Motion to Quash"). D.I. 106, 107. On May 2, 2014, this Court granted Kolon's Second and Third Motions to Quash, finding that the Korean authorities failed to effectuate service in the manner specified in the Government's MLAT request, in violation of Article 5, section 3 of the MLAT. D.I. 37-1, at 11 (MLAT, Art. 5, § 3); *see also* Hr'g Tr., May 2, 2014 at 26:17-28:11.

On August 18, 2014, the Clerk of Court issued new summonses to Kolon Industries, Inc. and Kolon Corporation. *See* D.I. 136. The summonses required appearance for arraignment on November 7, 2014 or, if the summonses are not delivered by that date, on the fourth Friday after their delivery. *See id.* The Government transmitted the summonses to the Korean Government, requesting service of the summonses under the MLAT. On November 17, 2014, the Government filed a return of service, indicating that service was accomplished on October 20, 2014. *See* D.I. 154, 154-1, 154-2.

Appearing specially, Kolon again moved to quash service on December 5, 2014. D.I. 165, 167-68 (the "Fourth Motion to Quash"). Kolon argued, *inter alia*, that the purported service was ineffective because (1) nothing in federal law, including Rule 4, authorizes service of a summons in Korea, (2) the Government failed to (and could not) comply with the mailing requirement of Criminal Rule 4(c)(3)(C), and (3) the summonses were not delivered to proper recipients, in violation of Criminal Rule 4(c)(3)(C). *See* D.I. 167, 168.

On December 23, 2014, this Court denied Kolon's Fourth Motion to Quash, and ordered Kolon to appear for arraignment on January 6, 2015.  The Court held that, although service of the summonses on Kolon has not yet been (and cannot be) effected in compliance with Rules 4 and 9 of the Federal Rules of Criminal Procedure, the MLAT "provides an alternative method of service of a criminal summons on an indictment," and that "the Court's ability to obtain personal jurisdiction over persons and entities located in Korea necessarily flows from the service of process through a method specified under the MLAT and the extraterritorial subject matter jurisdiction Congress specifically included in the statutes that defendants have been charged with."  D.I. 173 at 2, 4, 6, 8-9.  The Court rejected Kolon's additional reasons to quash service. *See* D.I. 173 at 8-9.

The day after this Court's Order, December 24, 2014, Kolon filed its Unopposed Motion to Continue the Arraignment Date or, in the Alternative, Motion to Stay ("Motion to Continue"), asking this Court to continue the January 6, 2015 arraignment date while Kolon seeks a writ of mandamus from the Fourth Circuit.  D.I. 175.  The Government did not oppose continuing the arraignment for approximately one month in order to provide sufficient time for the Fourth Circuit to "dispose of [Kolon's] petition."  *See* D.I. 175 at 1, 176 at 2 (emphasis added).  The Court granted Kolon's motion on December 29, 2014, ordering arraignment to be continued to February 19, 2015.  D.I. 177.

On December 30, 2014, Kolon filed its petition for a writ of mandamus in the Fourth Circuit, requesting immediate relief from this Court's decision that the MLAT supplied the necessary authority under federal law to permit service of a summons in Korea.  *See In re Kolon Industries, Inc.*, No. 14-2417 (4th Cir.), Doc. 2-1 (Exhibit 1).  On January 8, 2015, the Fourth Circuit ordered the Government to file a response to Kolon's petition.  Doc. 13 (Exhibit 2).  The

Government filed its response on January 20, 2015.  Doc. 15-1 (Exhibit 3).  On January 26,

2015, Kolon requested leave to file a reply, and attached its proposed reply brief to its motion.

Doc. 18-1, 18-2 (Exhibit 4).  The Government opposed Kolon's motion for leave to file a reply

on January 27, 2015.  Doc. 19 (Exhibit 5).

    As of the date of this filing, the Fourth Circuit has not taken action on Kolon's petition

for a writ of mandamus aside from seeking a response from the Government to the petition.

### III.    ARGUMENT

####    A.    Legal Standard

    The Court has plenary discretion to continue the arraignment date:  "The granting or

refusal of a continuance is a matter of discretion of the judge to whom application is made."

*Neufield v. United States*, 118 F.2d 375, 380 (D.C. Cir. 1941); *Avery*, 308 U.S. at 446; *Badwan*,

624 F.2d at 1231.  All the factors set forth below that militate in favor of a stay similarly support

a continuance of the arraignment date.  This Court likewise has the power to continue the

arraignment pending the imminent decision by the Fourth Circuit on Kolon's pending petition

for relief.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also, e.g.*, *In re Balsimo*, 68

F.3d 185, 186 (7th Cir. 1995) (staying criminal trial to consider defendants' mandamus petition

based on motion to change venue).  "The factors the Court considers in determining whether a

stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal:

(1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the

likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that

others will be harmed if the Court grants the stay; and (4) the public interest in granting the

stay."  *Citizens for Responsibility & Ethics in Wash. v. Cheney*, 580 F. Supp. 2d 168, 177

(D.D.C. 2008); *accord Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Long v.*

*Robinson*, 432 F.2d 977, 979 (4th Cir. 1970).  Each of these factors is balanced against each

other, and a strong showing on any one factor can counterbalance a relatively weaker showing on the others. Thus, the Court may grant a stay even if it considers the "likelihood of success is not high but the balance of hardships favors the applicant," for "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay.  Simply stated, more of one excuse less of the other." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (internal quotation marks omitted).

As to the likelihood of success on the merits, the Court need not reverse itself to conclude that a stay is warranted, but need only conclude that Kolon's petition presents a substantial issue. *Microstrategy, Inc.*, 661 F. Supp. 2d at 559.  Were the standard higher, "a stay would be warranted only in the unlikely event a movant could persuade the district judge that his or her decision was probably incorrect." *Id.* (internal quotation marks and citation omitted); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) ("The court . . . may grant a stay even though its own approach may be contrary to [the] movant's view of the merits.").

### B.    The Court Should Continue the Arraignment Pending a Decision on Kolon's Petition for a Writ.

An additional brief continuance of the arraignment date is warranted under each of the relevant factors.  First, Kolon's mandamus petition is likely to succeed on the merits, and at a minimum, raises substantial legal questions, as shown by the Fourth Circuit's request for briefing from the Government and the time spent to date considering these jurisdictional issues.  Second, Kolon will suffer irreparable reputational and financial injury absent a continuance or a stay.  Third, a brief stay would not remotely prejudice the Government, which itself is responsible for several years of delay in the proceedings.  The Government previously agreed to a continuance in order to allow the Fourth Circuit to "dispose" of Kolon's petition, *see* D.I. 175 at 2, and there

is no reasonable basis for the Government to oppose another brief continuance now that the

Fourth Circuit has sought a response and is considering the issues after both parties have briefed

the issues.  And, fourth, a stay would serve the public interest by avoiding the expenditure of

judicial and prosecutorial resources before the Fourth Circuit decides whether this case may

proceed.

### 1.    Kolon Has Presented a Substantial Legal Question that the Fourth Circuit Is Now Contemplating.

Kolon respectfully submits that it is likely to succeed on the merits of its petition, but

that, at a minimum, its writ petition raises substantial legal questions sufficient to support a brief

continence.  *See Microstrategy, Inc.*, 661 F. Supp. 2d at 559.  Kolon incorporates by reference its

Motion for Continuance, which identified the substantial legal questions raised by this Court's

Order.  *See* D.I. 176 at 11-12.

The Fourth Circuit evidently is contemplating the substantial legal issues presented by the

petition.   Although the Fourth Circuit gives priority to mandamus petitions, *see* Fed. R. App. P.

21(b)(6) and generally resolves them expeditiously, here the Fourth Circuit did not deny Kolon's

request for a writ of mandamus out of hand, and instead ordered the Government to file a

response.  *See* Doc. 13.  Further, the Fourth Circuit has not precluded Kolon from filing its

requested reply to address issues raised in the Government's response to Kolon's petition.  Thus

it appears that the Fourth Circuit is carefully considering the issues in the extensive briefing the

parties filed in December and January, and is not yet prepared to render its decision, although it

is aware of the February 19 arraignment date.  *See* Doc. 2, 15-1, 19.  In light of these

developments since this Court continued the January 6, 2015 arraignment, Kolon submits that

the merits of its petition more strongly support the entry of another brief continuance to allow the

Fourth Circuit to complete its review of this Court's order on Kolon's Motion to Quash and issue an order on Kolon's petition for writ of mandamus. *See Microstrategy*, 661 F. Supp. 2d at 559.

### 2.    Kolon Will Suffer Irreparable Injury Absent a Brief Continuance.

A brief continuance of the arraignment date is further warranted to avoid irreparable injury to Kolon that would result if Kolon is subjected to criminal proceedings, and forced to defend itself, despite this Court's lack of personal jurisdiction over Kolon. *See In re Cooper*, 971 F.2d 640, 641 (11th Cir. 1992) (mandamus is proper where the district court "exceed[ed] the limits of its judicial power" under federal rules, and defendants "have no adequate remedy" except by mandamus because "[t]he only conceivable alternative remedy— inevitable reversal by th[e appellate] court after the defendants have been forced to endure full discovery, full litigation, and a full trial—is 'scarcely… adequate'") (citation omitted); *see also In re Balsimo*, 68 F.3d at 187 ("overturning the conviction, like acquitting the defendant, will not recover the interest that [the right not to have trial venue transferred improperly] is designed to secure"). The prejudice to Kolon is the same prejudice that a United States company would suffer if it were subject to arraignment and prosecution in a foreign country where that country's laws would not authorize the assertion of criminal jurisdiction.

If the threshold question of service of process is not resolved conclusively at the outset, Kolon could be forced to incur the significant expenses of discovery, pre-trial motion practice, trial and witness preparation, and a lengthy trial. These expenses would include not only attorneys' fees and costs, but potentially, fees for experts, international and cross-country travel, and more. As the Court has previously observed, neither party would be well served if, after a trial, the Fourth Circuit reversed the conviction because of a defect in service of the summons. D.I. 42 at 90:8-15.

Additionally, such proceedings would further impugn Kolon's reputation, potentially alienating Kolon from its customers, investors, and potential business partners.  Such harm could not be undone, even if the Fourth Circuit grants Kolon's petition and halts the proceedings.  *Cf. Abney v. United States*, 431 U.S. 651, 661-62 (1977) (criminal trial "subject[s] [a defendant] to embarrassment, expense and ordeal and compel[s] him to live in a continuing state of anxiety and insecurity").[2]  Kolon submits that a brief stay is in the interest of justice because it will allow Kolon to avoid the expense and reputational damage of trial until a final determination as to whether Kolon may be prosecuted at all.

### 3.        A Modest Continuance Will Not Prejudice the Government.

The Government cannot credibly claim harm from a brief stay because the DOJ itself is responsible for nearly *seven* years of delays in the proceedings.   Although the DOJ began its investigation of Kolon in 2007, it took no action against Kolon for nearly five years, when it filed the August 21, 2012 indictment.  The Government sat on the sidelines during the entire parallel civil trial against Kolon, and then waited nearly a year after the jury verdict before obtaining the indictment.  The Government then moved so slowly in its first attempt to serve Kolon that the summons expired prior to its delivery, rendering the service ineffective.  D.I. 44 at 57.

The Government was similarly dilatory thereafter.  Judge Payne granted Kolon's First Motion to Quash on February 22, 2013, directing the Government to serve Kolon through the MLAT.  The Government then obtained a Superseding Indictment on March 19, 2013, apparently because the original Indictment had ignored Kolon's corporate reorganization (of

---

[2] The stigma that results from being tied to an improper criminal prosecution for theft of trade secrets is particularly heightened during a time when the executive branch has raised the profile of such claims. *See, e.g.*, Siobhan Gorman and Jared A. Favole, *U.S. Ups Ante for Spying on Firms*, Wall St. J., Feb. 21, 2013, at A1 (describing intensified federal efforts to enforce trade secret laws abroad).

which it was also aware) that predated the original indictment by more than a year.  D.I. 52, at ¶ 2.  More than 70 additional days passed before the Government notified the Court that it first believed it had served a summons on the Superseding Indictment.  *See* D.I. 52.  The Government then had to re-serve Kolon Corporation because it had delivered the Kolon Corporation summons to an employee of *Kolon Industries, Inc.*  That purported service was not complete until *January 2014.*  The Court granted Kolon's Second and Third Motions to Quash in May 2014.  D.I. 132.  Thereafter, the Government waited more than *four months* to even request the *issuance of a new summons*, which it did on August 14, 2014, *see* D.I. 134, apparently in response to a Court Order on August 13 setting a status conference, *see* D.I. 133.  The Government did not file a proof of service until November 17, 2014, *more than seven months* after the Court's prior order quashing service.

The Government did not oppose a continuance of the arraignment date in late December, based on the same reasons Kolon presents now.  Given the Government's delays, it cannot credibly claim hardship from a further stay to resolve issues relating to Kolon's procedural rights.  The Fourth Circuit gives priority to mandamus petitions and resolves them expeditiously, *see* Fed. R. App. P. 21(b)(6), and both parties have now submitted briefs to the Fourth Circuit for consideration and it is likely that the Fourth Circuit will soon rule on Kolon's petition.  Thus, any delay should be brief and could not conceivably prejudice the Government.  The Government's justification for its prior acceptance of the modest continuance – to allow the Fourth Circuit sufficient time to "dispose" of Kolon's petition – still supports Kolon's request for the brief continuance now.  *See* D.I. 175 at 2.  Indeed, the Government should not now change its position on a continuance simply because the Fourth Circuit sought a response and evidently is giving serious consideration to the issues raised.

### 4. The Public Interest Favors a Continuance to Conserve Judicial and Prosecutorial Resources.

A continuance or a stay also is in the public interest.  Proceeding with this case through discovery, pre-trial motions, and potentially a lengthy trial, only to have any verdict or pretrial rulings ultimately vacated by the Fourth Circuit, would result in a tremendous waste of public prosecutorial and judicial resources.  *See Sevel v. AOL Time Warner, Inc.*, 232 F. Supp. 2d 615, 618 (E.D. Va. 2002) (granting motion to stay pending motion to avoid "waste[d] time, energy, and judicial resources").[3]  Thus, the public interest favors a brief stay until the threshold issue of service is definitively determined.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Kolon respectfully requests that the Court continue the arraignment date currently scheduled for February 19, 2015 until three weeks after the Fourth Circuit has ruled on Kolon's pending petition for writ of mandamus.

Respectfully submitted this 11th day of February, 2014.

By: /s/ Gretchen C. Byrd
Gretchen C. Byrd (VA Bar No. 72789)
**LeClairRyan, A Professional Corporation**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

---

[3] *See also, e.g.*, *Griffin v. Hickenlooper*, No. 11-cv-03380-REB-BNB, 2012 U.S. Dist. LEXIS 94246, at *3 (D. Colo. July 9, 2012) (staying discovery pending motion to dismiss, explaining that "it is in the public's best interest to prevent the expenditure of taxpayers' money and valuable government resources on premature discovery"); *Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011) (same, noting that "a stay will allow the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed.").

Jeffrey G. Randall (admitted pro hac vice)
**PAUL HASTINGS LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
jeffrandall@paulhastings.com

Stephen C. Neal (admitted pro hac vice)
**COOLEY LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
nealsc@cooley.com

*Attorneys for Specially-Appearing Defendants*
*Kolon Industries, Inc. and Kolon Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of February, 2015, I electronically filed the

foregoing document, entitled Memorandum of Law in Support of Specially Appearing

Defendants' Motion to Continue the Arraignment Date, with the Clerk of Court using the

CM/ECF system, which will then send a notification of such filing (NEF) to counsel named

below:

Michael S. Dry, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
600 E. Main Street, Suite 1800
Richmond, VA 23219
Telephone: (804) 819-5400
Facsimile: (804)771-2316
michael.s.dry@usdoj.gov

Kosta Stojilkovic, Esq.
Assistant United States Attorney
**UNITED STATES ATTORNEY'S OFFICE**
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3700
Facsimile: (703) 299-2584
kosta.stojilkovic@usdoj.com

John W. Borchert, Esq.
Trial Attorney, Fraud Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1400 New York Avenue, N.W.
Washington, DC 20530
Telephone: (202) 514-0890
Facsimile: (202) 616-3511
john.borchert@usdoj.gov

Rudolfo Orjales, Esq.
Senior Counsel, Computer Crime & Intellectual Property Section
**CRIMINAL DIVISION, DEPARTMENT OF JUSTICE**
1301 New York Avenue, N.W.
Washington, DC 20530
Telephone: (202) 514-1026
Facsimile: (202) 514-6113
rudy.orjales@usdo.gov

*Attorneys for the United States of America*

By: /s/ Gretchen C. Byrd
Gretchen C. Byrd (VA Bar No. 72789)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, VA 23219
Telephone: (804) 783-7553
Facsimile: (804) 783-7653
gretchen.byrd@leclairryan.com

**Attorneys for Specially-Appearing Defendants**
**Kolon Industries, Inc. and Kolon Corporation**

113954332